IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Kelsey Smith, | |
| *On behalf of herself and those similarly situated,* | Case No. |
| Plaintiff, | Judge |
| v. | Magistrate Judge |
| Local Cantina, LLC; Local Cantina German Village, LLC; Local Cantina Clintonville, Local Cantina Creekside LLC; LLC; Local Cantina Dayton LLC; Local Cantina Dragon LLC; Local Cantina Dublin LLC; Local Cantina Gahanna LLC; Local Cantina Grandview LLC; Local Cantina Grove City LLC; Local Cantina Hilliard LLC; Local Cantina Holdings LLC; Local Cantina II, LLC; Local Cantina New Albany LLC; Local Cantina Polaris LLC; Local Cantina Properties LLC; Local Cantina Rossi LLC; Local Cantina Trolley LLC; Local Cantina Union Club LLC; George Tanchevski; John Doe Corporations 1-10; John Doe 1-10; | |
| Defendants. | |

## CLASS AND COLLECTIVE ACTION COMPLAINT

1.      In May 2020, in the midst of the COVID-19 pandemic, nine Local Cantina restaurants, operated by Defendants, adopted a new employment policy that now applies to their servers and bartenders (herein, "tipped workers").

2.      The Local Cantina restaurants' new policy is to (1) retain or misappropriate the tips received by tipped workers to the restaurant itself, and (2) pay the tipped workers a set weekly amount that does not change when the workers work more than forty hours per week.

3.      Upon information and belief, Defendants' newly adopted policy is designed to maximize the amount of money that may be treated as forgivable under any Paycheck Protection Program loan Defendants may have received. Prior to this policy change, the tipped workers were paid a tipped wage rate (i.e., less than minimum wage). Under Defendants' new policy, the tipped workers receive more money in the form of wages paid by the employer, but are deprived of their tips, which are retained by Defendants. As a result, upon information and belief, Defendants seek to compensate their employees using 100% forgivable PPP loan money, and simultaneously retain tips paid by customers to the tipped workers.

4.      The Defendants' new policy also results in a violation of federal and state wage and hour laws.

5.      Employers are not permitted to retain tips received by employees. Under Defendants' new policy, Defendants retain employee tips.

6.      Defendants' tipped employees are non-exempt employees entitled to time-and-a-half overtime wages for hours worked over forty in a workweek. Since adopting their new policy, Defendants have increased the weekly work hours of Plaintiff and other tipped workers to approximately 45-50 hours per week, but do not pay overtime.

7.      Kelsey Smith, on behalf of herself and all similarly-situated individuals, brings this action under 29 U.S.C. § 216(b) and Ohio law against Defendants Local Cantina, LLC; Local Cantina German Village, LLC; Local Cantina Clintonville, Local Cantina Creekside LLC; LLC; Local Cantina Dayton LLC; Local Cantina Dragon LLC; Local Cantina Dublin LLC; Local Cantina Gahanna LLC; Local Cantina Grandview LLC; Local Cantina Grove City LLC; Local Cantina Hilliard LLC; Local Cantina Holdings LLC; Local Cantina II, LLC; Local Cantina New Albany LLC; Local Cantina Polaris LLC; Local Cantina Properties LLC; Local Cantina Rossi LLC; Local Cantina Trolley LLC; Local Cantina Union Club LLC; George Tanchevski; John Doe Corporations 1-10; and John Doe 1-10 (collectively "Defendants"). This action seeks appropriate monetary, declaratory, and equitable relief based on Defendants' willful failure to compensate Plaintiff and similarly-situated individuals with minimum wages and overtime wages as required by the Fair Labor Standards Act ("FLSA"), the Ohio Constitution, Article II, Section 34a ("Section 34a"), the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), O.R.C. § 4113.15 (Ohio's "Prompt Pay Act"), O.R.C. § 2307.60, and damages under the theory of unjust enrichment.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction over Plaintiff's FLSA claims under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

9.      This Court has supplemental jurisdiction over Plaintiff's Ohio law claims under 28 U.S.C. § 1367.

10.     Venue in this Court is proper under 28 U.S.C. § 1391(b) because Plaintiff resides in this district, and a substantial part of the events giving rise to the claim herein occurred in this district.

### PARTIES

## Plaintiff

## Kelsey Smith

11.     Plaintiff Kelsey Smith resides in Columbus, Ohio.

12.     At all times relevant herein, Plaintiff was an "employee" of Defendants as defined in the FLSA, the OMFWSA, and Section 34a.

13.     Plaintiff has given written consent to join this action, a copy of which is attached to this Class Action Complaint.

## Defendants

14.     Each of the Defendants had control over Plaintiff and similarly situated employees' working conditions.

15.     At all relevant times, Defendants have shared or co-determined those matters governing the essential terms and conditions of employment for Plaintiff and similarly situated employees at Defendants' restaurants.

16.     At all relevant times, Defendants have had direct or indirect control over the terms and conditions of Plaintiff's work and the work of similarly situated employees.

17.      At all relevant times, Defendants possessed the authority to control the terms and conditions of Plaintiff's employment and the employment of similarly situated employees, and have exercised that authority.

4

18.     Defendants suffer or permit Plaintiff and other employees to work.

**Defendant Entities**

19.     The Defendant Entities—Local Cantina, LLC; Local Cantina German Village, LLC; Local Cantina Clintonville, LLC; Local Cantina Creekside LLC; Local Cantina Dayton LLC; Local Cantina Dragon LLC; Local Cantina Dublin LLC; Local Cantina Gahanna LLC; Local Cantina Grandview LLC; Local Cantina Grove City LLC; Local Cantina Hilliard LLC; Local Cantina Holdings LLC; Local Cantina II, LLC; Local Cantina New Albany LLC; Local Cantina Polaris LLC; Local Cantina Properties LLC; Local Cantina Rossi LLC; Local Cantina Trolley LLC; and Local Cantina Union Club LLC—are domestic limited liability companies with their principal places of business in Ohio.

20.     The Defendant Entities were founded, owned, and/or operated by Defendant George Tanchevski.

21.     Upon information and belief, Defendant entities primarily function to operate single group of Local Cantina restaurants.

22.     The Defendant Entities operate under the trade name "Local Cantina."

23.     The Defendant Entities have authority to and do hire and fire employees, supervise and control the work schedules and conditions of employees, determine the rate and method of pay, and/or maintain employee records. The Defendant Entities form a "single employer" as they are part of a single integrated enterprise and/or they are joint employers as they jointly operate a chain of Local Cantina restaurants and maintain interrelated operations, centralized control of labor relations, common management and common ownership and financial control.

24. Because the work performed by Plaintiff and all other servers and bartenders benefited all Defendants and directly or indirectly furthered their joint interests, Defendants are collectively the joint employers of Plaintiff and other similarly situated employees under the FLSA's definition of "employer."

25. Each of the Defendant Entities has substantial control over Plaintiff and similarly situated employees' working conditions, and over the unlawful policies and practices alleged herein.

26. Each of the Defendant Entities directly or indirectly controls of the terms and conditions of Plaintiff's work and the work of similarly situated employees.

27. Each of the Defendant Entities maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, reimbursements, pay rates, deductions, and other practices.

28. Upon information and belief, Local Cantina applies or causes to be applied substantially the same employment policies, practices, and procedures to all employees at all of its locations, including policies, practices and procedures relating to payment of minimum wages, overtime wages, timekeeping, and the tip credit.

29. Each of the Defendant Entities is an "employer" of Plaintiff and similarly situated employees as that term is defined by the FLSA.

30. Each of the Defendant Entities has been and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

31. Each of the Defendant Entities has gross revenue that exceeds $500,000 per year.

6

32.     Collectively, the Defendant Entities have gross revenue that exceeds $500,000 per year.

**George Tanchevski**

33.     George Tanchevski is the owner of the Defendant Entities

34.     George Tanchevski involved in the operation of Defendant Entities.

35.     Upon information and belief, George Tanchevski is the CEO of some or all of the Defendant Entities.

36.     Through the Defendant Entities, George Tanchevski owns and operates the Local Cantina restaurants.

37.     George Tanchevski supervised and directed the employment of Plaintiff.

38.     George Tanchevski is individually liable under the definitions of "employer" set forth in the FLSA, Section 34a, and the OMFWSA because he owns and operates the Defendant Entities, serves as a member of the Defendant Entities, ultimately controls significant aspects of the Defendant Entities' day-to-day functions, and ultimately controls compensation of employees. 29 U.S.C. § 203(d).

39.     Upon information and belief, George Tanchevski operates the Defendant Entities in conjunction with Hillcrest Egg & Cheese Co. and its subsidiary LLCs, HEC Cantina I, HEC Cantina II, HEC Cantina III, HEC Cantina IV, and HEC Cantina V.

40.     At all relevant times, by virtue of his role as owner of Defendant Entities, George Tanchevski has had financial control over the operations at each of the Defendant Entities.

41.     At all relevant times, by virtue of his role as owner of Defendant Entities, George Tanchevski has a role in significant aspects of Defendant Entities' day-to-day operations.

7

42.     At all relevant times, by virtue of his role as owner of Defendant Entities, George Tanchevski has had control over Defendants' pay policies.

43.     At all relevant times, by virtue of his role as owner of Defendant Entities, George Tanchevski has had power over personnel and payroll decisions at Defendant Entities, including but not limited to influence over server and bartender pay.

44.     At all relevant times, by virtue of his role as owner of Defendant Entities, George Tanchevski has had the power to hire, fire and discipline employees, including Plaintiff and similarly situated employees.

45.     At all relevant times, by virtue of his role as owner of Defendant Entities, George Tanchevski has had the power to stop any illegal pay practices that harmed Plaintiff and similarly situated employees.

46.     At all times relevant, by virtue of his role as owner of Defendant Entities, George Tanchevski has had the power to transfer the assets and liabilities of his Defendant Entities corporate entities.

47.     At all relevant times, by virtue of his role as owner of Defendant Entities, George Tanchevski has had the power to declare bankruptcy on behalf of Defendant Entities.

48.     At all relevant times, by virtue of his role as owner of Defendant Entities, George Tanchevski has had the power to enter into contracts on behalf of Defendant Entities.

49.     At all relevant times, by virtue of his role as owner of Defendant Entities, George Tanchevski has had the power to close, shut down, and/or sell Defendant Entities.

50.     At all relevant times, by virtue of his role as owner of Defendant Entities, George Tanchevski had authority over the overall direction of Defendant Entities and was ultimately responsible for their operations.

51.     Defendant Entities function for George Tanchevski's profit.

52.     George Tanchevski has influence over how Defendant Entities can run more profitably and efficiently.

**Doe Corporations 1-10**

53.     Upon information and belief, Defendants own, operate, and control other entities and/or limited liability companies that also comprise part of the Defendants' Local Cantina restaurants, and qualify as "employers" of Plaintiff and similarly situated employees at the Defendants' Local Cantina restaurants.

stores as that term is defined by the FLSA and Indiana wage law.

54.     Upon information and belief, George Tanchevski owns and/or operates, in whole or in part, a number of other entities that may make up part of the Defendants' Local Cantina operations.

55.     Upon information and belief, Hillcrest Egg and Cheese Co., d/b/a Hillcrest Foodservice, owns and/or operates, in whole or in part, a number of other entities that may make up part of the Defendants' Local Cantina operations, including HEC Cantina I, HEC Cantina II, HEC Cantina III, HEC Cantina IV, and HEC Cantina V.

56.     The identities and involvement of these additional Defendants should be revealed as discovery progresses and can be named at that time.

**John Doe 1-10**

9

57.     Upon information and belief, there are additional individuals who also qualify as "employers" of Plaintiff and the bartenders and servers at the Defendants' Local Cantinas locations as that term is defined by the FLSA and Ohio wage law.

58.     Upon information and belief, George Tanchevski has entered into co-owner relationships with business partners, and those individuals might also qualify as "employers" of Plaintiff and the bartenders and servers at the Defendants' Local Cantina locations as the term is defined by the FLSA and Ohio wage law.

59.     The identities of these additional Defendants should be revealed as discovery progresses and can be named at that time.

## FACTS

### CLASS-WIDE FACTUAL ALLEGATIONS

60.     During all relevant times, Defendants have operated Local Cantina restaurants in and around Columbus, Ohio.

61.     Plaintiff and the similarly situated employees she seeks to represent work or worked for Defendants as bartenders and servers ("tipped workers").

62.     All servers employed by Defendants over the last three years had essentially the same job duties—to serve food and drinks to customers at Local Cantina.

63.     All bartenders employed by Defendants over the last three years had essentially the same job duties—to prepare drinks and serve food and drinks to customers at Local Cantina.

64.     Before May 2020, Defendants paid tipped workers at "tipped minimum wage"—minimum wage minus the maximum allowable tip credit—for each hour for which they received compensation.

65.    Defendants failed to satisfy all of the requirements in taking a tip credit from tipped workers' wages.

66.    Specifically, Defendants failed to notify servers that they would be taking a tip credit from their wages as required by 29 U.S.C. § 203(m) and 29 C.F.R. § 531.59.

67.    Upon information and belief, during some or all of the relevant time period, Defendants required tipped workers to work in "dual jobs"—one job in which the tipped workers received tips, the other in which the tipped workers did not receive tips—but, prior to May 2020, paid the tipped workers a tipped wage rate for all hours worked.

68.    Tipped workers spend more than 20% of their shift completing pre- and post-shift duties that are non-tipped. Servers' pre- and post-shift side work often lasted 1-3 hours total.

69.    Upon information and belief, during some or all of the relevant time period, Defendants required tipped workers to share tips with managerial and/or other employees who are not eligible to share in the tip pool.

70.    Upon information and belief, during some or all of the relevant time period, Defendants retained tips received by tipped workers that were left by customers on online orders.

71.    Since May 2020, Defendants have retained 100% of the credit card tips received by tipped workers.

72.    Since May 2020, Defendants have forced tipped workers to share cash tips with other employees who are not eligible to share in a tip pool.

73.    Since May 2020, Defendants have paid tipped workers a set amount every week.

74.    Since May 2020, Defendants have required tipped workers to work more than forty hours per week, but have not paid time-and-a-half overtime for these overtime hours.

75. The tipped workers are not and have never been exempt from the FLSA.

76. Since May 2020, Defendants have required tipped workers to complete overtime work "off the clock" by scheduling tipped workers for approximately 45 hour work weeks, requiring tipped workers to work from 43 to 50 hours per week, but compensating the tipped workers for exactly 40 hours of work.

77. Upon information and belief, during some or all of the relevant time period, Defendants failed to compensate servers for all hours worked.

78. As a result of Defendants' policy and practice of failing to pay employees for all hours worked, servers were paid less than tipped minimum wage.

79. Defendants have willfully failed to pay federal and Ohio state minimum wage and overtime to Plaintiff and similarly situated servers.

## PLAINTIFF'S INDIVIDUAL FACTUAL ALLEGATIONS

80. Consistent with their policies, patterns, and practices as described herein, Defendants harmed Plaintiff, individually, as follows:

81. Plaintiff worked as a bartender and server at Local Cantina in German Village from approximately May 2017 to present.

82. As a bartender at Local Cantina, Plaintiff's primary job duties included mixing drinks and waiting on guests.

83. As a server at Local Cantina, Plaintiff's primary job duties included waiting on guests and completing opening and closing "side work."

84. Prior to May 2020, Plaintiff typically worked 35-40 hours per week.

12

85.     From around May 12, 2020 to the present, Plaintiff has worked between 45 and 50 hours per week.

86.     At all relevant times, Plaintiff used a Point of Sale system to clock in and out of work.

87.     From around May 12, 2020 to the present, Defendants deducted hours from Plaintiff's time records that were generated based on when she signed in and out of the Point of Sale system, and paid her for only 40 hours of work.

88.     As a result, Plaintiff's paystub now indicates that she works exactly 40 hours per week, even when she is scheduled for more than 40 hours and works between 45 and 50 hours per week.

89.     From around May 12, 2020 to the present, Defendants retained 100% of Plaintiff's credit card tips.

90.     From around May 12, 2020 to the present, Defendants required Plaintiff and other servers and bartenders to pool their cash tips and divide them equally among tipped and non-tipped employees.

91.     At all relevant times, as a bartender and server for Local Cantina, Plaintiff is required to box up online to-go orders and prepare them for pick up. At all relevant times, when customers leave a credit card tip on an online order, Defendants have kept it.

92.     As a server at Local Cantina, Plaintiff had to complete significant side work. For example, at the beginning of her shift, she and her co-workers spent more than one hour cleaning up and preparing the bar and dining room for customers, preparing to-go packaging, and assembling the patio furniture. At the end of the shift, Plaintiff and others are required to

13

complete paperwork, make cash deposits, clean bathrooms, disassemble the patio furniture, and clean the store. Often, they are required to take on more significant tasks, such as changing store lightbulbs, pulling weeds, and deep cleaning the restaurant.

93.     As a server at Local Cantina, Plaintiff was regularly required to work large parties for which she did not receive tips (because it was included in the bill) nor did she receive any hourly wages from the Defendants.

## COLLECTIVE ACTION ALLEGATIONS

94.     Plaintiff brings the First and Second Counts under 29 U.S.C. 216(b) on behalf of himself and a collective consisting of:

> All current and former tipped workers employed by Defendants in the State of Ohio between June 15, 2017 and the date of final judgment in this matter, who elect to opt-in to this action (the "FLSA Collective").

95.     At all relevant times, Plaintiff and the FLSA Collective have been similarly situated, have had substantially similar job duties, requirements, and pay provisions, and have all been subject to Defendants' decision, policy, plan, practices, procedures, protocols, and rules of willfully failing to properly take a tip credit from the wages of Plaintiff and the FLSA Collective, refusing to pay Plaintiff and the FLSA Collective minimum wage for all hours worked and time-and-one-half overtime pay for hours worked in excess of 40 per workweek, and retaining employee tips. Plaintiff's claims are essentially the same as those of the FLSA Collective.

96.     Defendants' unlawful conduct is pursuant to a corporate policy or practice of minimizing labor costs by failing to properly pay Plaintiff and the FLSA Collective.

97.     Defendants are aware or should have been aware that federal law required them to pay employees minimum wage for all hours worked.

14

98.     Defendants are aware or should have been aware that federal law prohibited them from retaining employee tips.

99.     Defendants are aware or should have been aware that, in order to take a tip credit from the wage of Plaintiff and the FLSA Collective, the federal law required them to inform Plaintiff and the FLSA Collective of the tip credit provisions of the FLSA, and prohibited them from requiring Plaintiff and the FLSA Collective to share tips with employees who are not engaged in customer service, including the restaurant itself.

100.    Defendants are aware or should have been aware that federal law required them to pay non-exempt employees an overtime premium for hours worked over 40 per workweek.

101.    Defendants' unlawful conduct has been widespread, repeated, and consistent.

102.    The First and Second Counts are properly brought under and maintained as an opt-in collective action under 29 U.S.C. § 216(b).

103.    The FLSA Collective members are readily identifiable and ascertainable.

104.    For the purpose of notice and other purposes related to this action, the FLSA Collective members' names, addresses, email addresses, and phone numbers are readily available from Defendants' records.

105.    In recognition of the services Plaintiff has rendered and will continue to render to the FLSA Collective, Plaintiff will request payment of a service award upon resolution of this action.

## **CLASS ACTION ALLEGATIONS**

106.    Plaintiff brings the Third, Fourth, Fifth, Sixth, and Seventh Counts under Federal Rule of Civil Procedure 23, on behalf of herself and a class of persons consisting of:

All current and former tipped employees employed by Defendants in the State of Ohio between June 15, 2017 and the date of final judgment in this matter ("Rule 23 Class").

107.    Excluded from the Rule 23 Class are Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

108.    The number and identity of the Rule 23 Class members are ascertainable from Defendants' records. The hours assigned and worked, the positions held, and the rates of pay for each Rule 23 Class Member are also determinable from Defendants' records. For the purpose of notice and other purposes related to this action, their names, addresses, email addresses, and phone numbers are readily available from Defendants. Notice can be provided by means permissible under Federal Rule of Civil Procedure 23.

109.    The Rule 23 Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

110.    There are more than 50 Rule 23 Class members.

111.    Plaintiff's claims are typical of those claims which could be alleged by any Rule 23 Class member, and the relief sought is typical of the relief which would be sought by each Rule 23 Class member in separate actions.

112.    Plaintiff and the Rule 23 Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage, failing to pay overtime, and failing to properly take a tip credit from their wages.

113.    Plaintiff and the Rule 23 Class members have all sustained similar types of damages as a result of Defendants' failure to comply with OMFWSA, Section 34a, O.R.C. § 4113.15, and the doctrine of unjust enrichment.

114.    Plaintiff and the Rule 23 Class members have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns of conduct. Defendants' corporate-wide policies and practices affected all Rule 23 Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each of the Rule 23 Class members.

115.    Plaintiff and the Rule 23 Class members sustained similar losses, injuries, and damages arising from the same unlawful practices, polices, and procedures.

116.    Plaintiff is able to fairly and adequately protect the interests of the Rule 23 Class and has no interests antagonistic to the Rule 23 Class.

117.    Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation.

118.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation on behalf of minimum wage employees where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries, and damages suffered by each of the individual Rule 23 Class members are small in the sense pertinent to class action analysis,

the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Rule 23 Class members to redress the wrongs done to them.

119.    This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

120.    Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting Plaintiff and the Rule 23 Class members individually and include, but are not limited to:

a.  Whether Defendants paid Plaintiff and the Rule 23 Class members at the proper minimum wage rate for all hours worked;

b.  Whether Defendants paid Plaintiff and the Rule 23 Class for all hours worked;

c.  Whether Defendants paid Plaintiff and the Rule 23 Class time-and-a-half overtime for hours worked in excess of 40 hours per week;

d.  Whether Defendants properly informed Plaintiff and the Rule 23 Class of their intention to take a tip credit;

e.  Whether Defendants required Plaintiff and the Rule 23 Class to share tips with employees or others who were not permitted to share in a tip pool;

f.  Whether Plaintiff and the Rule 23 Class spent more than 20% of their time at work in a non-tipped capacity;

g.  Whether Defendants properly compensated Plaintiff and the Rule 23 Class for hours worked in excess of 40 each workweek;

h.  Whether Defendants failed to pay Plaintiff and the Rule 23 Class in a timely manner as described by O.R.C. § 4113.15;

i.  Whether Defendants' policy of failing to pay Plaintiff and the Rule 23 Class was instituted willfully or with reckless disregard of the law; and

18

j.   The nature and extent of class-wide injury and the measure of damages for those injuries;

k.   Whether Plaintiff and the Rule 23 Class have conferred a benefit on Defendants, whether Defendants had knowledge of that benefit, and whether it would be unjust for Defendants to retain the benefit without restitution.

121.   In recognition of the services Plaintiff has rendered and will continue to render to the Rule 23 Class, Plaintiff will request payment of a service award upon resolution of this action.

## CAUSES OF ACTION
### Count 1
### Failure to Pay Minimum Wages - Fair Labor Standards Act
### (On Behalf of Plaintiff and the FLSA Collective)

122.   Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

123.   Plaintiff and the FLSA Collective are or were non-exempt, hourly employees entitled to receive no less than minimum wage for all hours worked.

124.   Defendants violated the FLSA by retaining tips received by Plaintiff and the FLSA Collective.

125.   Defendants impermissibly took a tip credit from the wages of Plaintiff and the FLSA Collective.

126.   Defendants impermissibly required Plaintiff and the FLSA Collective to share tips with the restaurant itself.

127.   Defendants impermissibly required Plaintiff and the FLSA Collective to share tips with non-tipped employees.

128.   Defendants failed to pay Plaintiff and the FLSA Collective for all hours worked.

129. Defendants required Plaintiff and the FLSA Collective to work dual jobs, but paid a tipped wage rate for all hours worked.

130. By the acts and conduct described above, Defendants willfully violated the provisions of the FLSA and disregarded the rights of Plaintiff and the FLSA Collective.

131. Plaintiff and the FLSA Collective have been damaged by Defendants' willful failure to pay minimum wage as required by law.

132. As a result of Defendants' violations, Plaintiff and the FLSA Collective are entitled to damages, including, but not limited to, unpaid wages, liquidated damages, costs, and attorneys' fees.

<u>Count 2</u>
**Failure to Pay Overtime Wages – Fair Labor Standards Act
(On Behalf of Plaintiff and the FLSA Collective)**

133. Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

134. Plaintiff and the FLSA Collective worked more than forty hours in one or more workweeks.

135. Beginning in May 2020, Defendants have paid Plaintiff and the FLSA Collective for forty hours each week, even though Plaintiff and the FLSA Collective have actually worked more than forty hours.

136. Defendants have failed to pay Plaintiff and the FLSA Collective time-and-a-half overtime wages when they worked over forty hours per week.

137. By not paying Plaintiff and the FLSA Collective proper overtime wages for time worked in excess of forty hours in a workweek, Defendants have willfully violated the FLSA.

138.    As a result of Defendants' willful violations, Plaintiff and the FLSA Collective are entitled to damages, including, but not limited to, unpaid wages, liquidated damages, costs, and attorneys' fees.

### Count 3
### Failure to Pay Minimum Wages - Ohio Constitution, Article II, § 34a
### (On Behalf of Plaintiff and the Rule 23 Class)

139.    Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

140.    Plaintiff and the Rule 23 Class are non-exempt employees.

141.    During all or part of the relevant time period, Defendants have failed to properly claim a tip credit from the wages of Plaintiff and the Rule 23 Class because they have required Plaintiff and the Rule 23 Class to share tips with non-tipped workers or with the restaurant itself.

142.    By retaining the tips received by Plaintiff and the Rule 23 Class for their own purposes, Defendants have violated Plaintiff's minimum wage rights.

143.    By not paying Plaintiff and the Rule 23 Class at least minimum wage for each hour worked, Defendants have violated the Ohio Constitution, Article II, § 34a.

144.    As a result of Defendants' violations, Plaintiff and the Rule 23 Class are entitled to damages, including, but not limited to, unpaid wages, an additional two times unpaid wages in damages under Section 34a, costs, and attorneys' fees.

### Count 4
### Failure to Pay Overtime Wages – Ohio Minimum Fair Wage Standards Act
### (On Behalf of Plaintiff and the Rule 23 Class)

145.    Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

146.    Plaintiff and the Rule 23 Class worked more than forty hours in one or more workweeks.

147.    Beginning in May 2020, Defendants did not compensate Plaintiff and the Rule 23 Class for the hours they worked over 40 hours per week. Instead, Defendants paid Plaintiff and the Rule 23 Class a set weekly amount each week.

148.    By not paying Plaintiff and the Rule 23 Class proper overtime wages for time worked in excess of forty hours in a workweek, Defendants have violated the OMFWSA.

149.    As a result of Defendants' violations, Plaintiff and the Rule 23 Class are entitled to damages, including, but not limited to, unpaid overtime wages, costs, and attorneys' fees.

### Count 5
### Untimely Payment of Wages – O.R.C. § 4113.15
### (On Behalf of Plaintiff and the Rule 23 Class)

150.    Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

151.    During all relevant times, Defendants were entities covered by O.R.C. § 4113.15, and Plaintiff and the Rule 23 Class were employees within the meaning of O.R.C. § 4113.15 and were not exempt from its protections.

152.    O.R.C. § 4113.15(A) requires that Defendants pay Plaintiff and the Rule 23 Class all wages, including unpaid overtime, on or before the first day of each month, for wages earned during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned during the last half of the preceding calendar month.

153.    Plaintiff and the Rule 23 Class's unpaid wages have remained unpaid for more than thirty (30) days beyond their regularly scheduled payday.

154.    In violating Ohio law, Defendants acted willfully, without a good faith basis and with reckless disregard to Ohio law.

155.    As a result of Defendants' willful violation, Plaintiff and the Rule 23 Class are entitled to unpaid wages and liquidated damages, as stated in O.R.C. § 4113.15.

**Count 6**
**Damages Pursuant to O.R.C. § 2307.60**
**(On Behalf of Plaintiff and the Rule 23 Class)**

156.    Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

157.    The Fair Labor Standards Act, 29 U.S.C. § 216(a), imposes criminal penalties for willful violations of the FLSA.

158.    By their acts and omissions described herein, Defendants have willfully violated the FLSA, and Plaintiff and the Rule 23 Class have been injured as a result.

159.    O.R.C. § 2307.60 permits anyone injured in person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages.

160.    As a result of Defendants' willful violations of the FLSA, Plaintiff and the Rule 23 Class are entitled to compensatory and punitive damages pursuant to O.R.C. § 2307.60.

**Count 7**
**Unjust Enrichment**
**(On Behalf of Plaintiff and the Rule 23 Class)**

161.    Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

162. Plaintiff and the Rule 23 Class have conferred a benefit upon Defendants.

163. For example, Defendants retained the tipped workers' online order tips from all times relevant to the present, and have retained all of the tipped workers' tips for their own purposes since May 12, 2020.

164. Defendants retained tips intended for Plaintiff and the Rule 23 class.

165. Defendants also obtained other benefits as a result of Plaintiff and the Rule 23 Class working under Defendants' new compensation policy.

166. Defendants knew that Plaintiff and the Rule 23 Class conferred that benefit on Defendants.

167. As described above, Defendants received benefits as a result of retaining tips provided by customers to the Plaintiff and the Rule 23 Class.

168. Defendants did not compensate or under-compensated Plaintiff and the Rule 23 Class for these benefits.

169. Accordingly, Defendants' retention of these benefits under these circumstances would be unjust.

170. As a result of Defendants having been unjustly enriched, Plaintiff and the Rule 23 Class are entitled to compensation for the value of the benefit Plaintiff and the Rule 23 Class conferred on Defendants.

**WHEREFORE**, Plaintiff Kelsey Smith prays for all of the following relief:

A. Designation of this action as a collective action on behalf of the collective action members and prompt issuance of notice to all similarly-situated members of an opt-in class,

apprising them of this action, permitting them to assert timely wage and hour claims in this action, and appointment of Plaintiff and their counsel to represent the collective action members.

B.      Unpaid minimum wages, overtime pay, unlawfully retained tips, and an additional and equal amount as liquidated damages pursuant to the FLSA and supporting regulations;

C.      Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

D.      Designation of Plaintiff as representative of the Rule 23 Class and counsel of record as Class Counsel;

E.      A declaratory judgment that the practices complained of herein are unlawful under Section 34a, the OMFWSA, and O.R.C. § 4113.15.

F.      An award of unpaid minimum wages, overtime wages, and unlawfully retained tips due under Section 34a and the OMFWSA.

G.      An award of damages under Section 34a, based on Defendants' failure to pay minimum wages pursuant to Section 34a, calculated as an additional two times of back wages.

H.      Liquidated damages under O.R.C. § 4113.15.

I.      Compensatory and punitive damages under O.R.C. § 2307.60.

J.      An award of the value of the benefits for which Defendants were unjustly enriched.

K.      An award of prejudgment and post-judgment interest.

L.      An award of costs and expenses of this action, together with reasonable attorneys' fees and expert fees.

M.      Such other legal and equitable relief as the Court deems appropriate.

Respectfully submitted,


/s/ Phil Krzeski
Andrew R. Biller (Ohio Bar # 0081452)
BILLER & KIMBLE, LLC
4200 Regent Street, Suite 200
Columbus, OH 43219
Telephone: (614) 604-8759
Facsimile: (614) 340-4620
*abiller@billerkimble.com*

Andrew P. Kimble (Ohio Bar # 0093172)
Philip J. Krzeski (Ohio Bar # 0095713)
Louise M. Roselle (Ohio Bar # 14844)
Nathan J. Spencer (Ohio Bar # 0092262)
BILLER & KIMBLE, LLC
8044 Montgomery Rd., Ste. 515
Cincinnati, OH 45236
Telephone: (513) 715-8711
Facsimile: (614) 340-4620
*akimble@billerkimble.com*
*pkrzeski@billerkimble.com*
*lroselle@billerkimble.com*
*nspencer@billerkimble.com*

www.billerkimble.com

*Counsel for Plaintiff and the putative class*

## <u>JURY DEMAND</u>

Plaintiff hereby demands a jury trial by the maximum persons permitted by law on all issues herein triable to a jury.

/s/ Phil Krzeski
Philip J. Krzeski