IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

---

Kelsey Smith,

     *On behalf of herself and those similarly situated,*

        Plaintiff,

     v.

Local Cantina, LLC; Local Cantina German Village, LLC; Local Cantina Clintonville, LLC; LLC; Local Cantina Dayton LLC; Local Cantina Dragon LLC; Local Cantina Dublin LLC; Local Cantina Gahanna LLC; Local Cantina Grandview LLC; Local Cantina Grove City LLC; Local Cantina Hilliard LLC; Local Cantina Holdings LLC; Local Cantina II, LLC; Local Cantina New Albany LLC; Local Cantina Polaris LLC; Local Cantina Properties LLC; Local Cantina Rossi LLC; Local Cantina Trolley LLC; Local Cantina Union Club LLC; 197 Thurman Ave LLC; George Tanchevski; John Doe Corporations 1-10; John Doe 1-10;

        Defendants.

Case No. 2:20-cv-03064

Judge James L. Graham

Magistrate Judge Kimberly A. Jolson

---

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

1.      In May 2020, in the midst of the COVID-19 pandemic, nine Local Cantina restaurants operated by Defendants adopted a new employment policy that appears to be aimed at transmuting Paycheck Protection Program money from a forgivable loan into profits. Whether that is the goal or not, the new policy violates state and federal wage and hour laws.

2.      Under Defendants' new policy, Defendants changed their servers' and bartenders' pay from tipped minimum wage to a "salary" of $1,000 per week. At the same time, Defendants require the employees to reimburse Defendants with customers' tips meant for the employees. Defendants also increased the workers' hours but did not pay overtime wages. According to a document Defendants required their workers to sign, this policy is supposed to last approximately two months.

3.      Although it is unclear whether the Paycheck Protection Program is implicated in Defendants' scheme, the policy certainly violates wage and hour laws that prohibit employers from stealing tip money and/or withholding overtime pay from non-exempt workers. And, as it turns out, Defendants had been committing other wage and hour violations for years before their recent "policy change."

4.      Prior to the adoption of Defendants' new policy, upon information and belief, tipped workers were paid in violation of state and federal wage and hour law because Defendants retained credit card tips left by customers on online orders.

5.      Kelsey Smith, on behalf of herself and all similarly-situated individuals, brings this action under 29 U.S.C. § 216(b) and Ohio law against Defendants Local Cantina, LLC; Local Cantina German Village, LLC; Local Cantina Clintonville, LLC; Local Cantina Dayton LLC; Local Cantina Dragon LLC; Local Cantina Dublin LLC; Local Cantina Gahanna LLC; Local

2

Cantina Grandview LLC; Local Cantina Grove City LLC; Local Cantina Hilliard LLC; Local Cantina Holdings LLC; Local Cantina II, LLC; Local Cantina New Albany LLC; Local Cantina Polaris LLC; Local Cantina Properties LLC; Local Cantina Rossi LLC; Local Cantina Trolley LLC; Local Cantina Union Club LLC; 197 Thurman Ave LLC; George Tanchevski; John Doe Corporations 1-10; and John Doe 1-10 (collectively "Defendants"). This action seeks appropriate monetary, declaratory, and equitable relief based on Defendants' willful failure to compensate Plaintiff and similarly-situated individuals with minimum wages and overtime wages as required by the Fair Labor Standards Act ("FLSA"), the Ohio Constitution, Article II, Section 34a ("Section 34a"), the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), O.R.C. § 4113.15 (Ohio's "Prompt Pay Act"), and O.R.C. § 2307.60.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over Plaintiff's FLSA claims under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

7.      This Court has supplemental jurisdiction over Plaintiff's Ohio law claims under 28 U.S.C. § 1367.

8.      Venue in this Court is proper under 28 U.S.C. § 1391(b) because Plaintiff resides in this district, and a substantial part of the events giving rise to the claim herein occurred in this district.

## PARTIES

**Plaintiff**

**Kelsey Smith**

9.      Plaintiff Kelsey Smith resides in Columbus, Ohio.

3

10.    At all times relevant herein, Plaintiff was an "employee" of Defendants as defined in the FLSA, the OMFWSA, and Section 34a.

11.    Plaintiff has given written consent to join this action.

**Defendants**

12.    Together, Defendants own and operate nine Local Cantina restaurants in Ohio.

13.    Each of the Defendants has control over Plaintiff and similarly situated employees' working conditions.

14.    At all relevant times, Defendants have shared or co-determined those matters governing the essential terms and conditions of employment for Plaintiff and similarly situated employees at Defendants' restaurants.

15.    At all relevant times, Defendants have had direct or indirect control over the terms and conditions of Plaintiff's work and the work of similarly situated employees.

16.    At all relevant times, Defendants possessed the authority to control the terms and conditions of Plaintiff's employment and the employment of similarly situated employees, and have exercised that authority.

17.    Defendants suffer or permit Plaintiff and other employees to work.

**Defendant Entities**

18.    The Defendant Entities—Local Cantina, LLC; Local Cantina German Village, LLC; Local Cantina Clintonville, LLC; Local Cantina Dayton LLC; Local Cantina Dragon LLC; Local Cantina Dublin LLC; Local Cantina Gahanna LLC; Local Cantina Grandview LLC; Local Cantina Grove City LLC; Local Cantina Hilliard LLC; Local Cantina Holdings LLC; Local Cantina II, LLC; Local Cantina New Albany LLC; Local Cantina Polaris LLC; Local Cantina

4

Properties LLC; Local Cantina Rossi LLC; Local Cantina Trolley LLC; Local Cantina Union Club LLC; and 197 Thurman Ave LLC—are domestic limited liability companies with their principal places of business in Ohio.

19.     The Defendant Entities were founded, owned, and/or operated by Defendant George Tanchevski.

20.     Upon information and belief, the Defendant Entities primarily function to operate a group of Local Cantina restaurants.

21.     The Defendant Entities operate under the trade name "Local Cantina."

22.     The Defendant Entities have authority to and do hire and fire employees, supervise and control the work schedules and conditions of employees, determine the rate and method of pay, and/or maintain employee records.

23.     The Defendant Entities form a "single employer" as they are part of a single integrated enterprise and/or they are joint employers as they jointly operate a chain of Local Cantina restaurants and maintain interrelated operations, centralized control of labor relations, common management and common ownership and financial control.

24.     Because the work performed by Plaintiff and all other tipped workers benefited all Defendants and directly or indirectly furthered their joint interests, Defendants are collectively the joint employers of Plaintiff and other similarly situated employees under the FLSA's definition of "employer."

25.     Each of the Defendant Entities has substantial control over Plaintiff and similarly situated employees' working conditions, and over the unlawful policies and practices alleged herein.

26.     Each of the Defendant Entities directly or indirectly controls of the terms and conditions of Plaintiff's work and the work of similarly situated employees.

27.     Each of the Defendant Entities maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, tips, pay rates, and other practices.

28.     Upon information and belief, the Defendant Entities apply or cause to be applied substantially the same employment policies, practices, and procedures to all employees at all of its locations, including policies, practices and procedures relating to payment of minimum wages, overtime wages, timekeeping, and the tip credit.

29.     Each of the Defendant Entities is an "employer" of Plaintiff and similarly situated employees as that term is defined by the FLSA.

30.     Each of the Defendant Entities has been and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

31.     Each of the Defendant Entities has gross revenue that exceeds $500,000 per year.

32.     Collectively, the Defendant Entities have gross revenue that exceeds $500,000 per year.

**George Tanchevski**

33.     George Tanchevski is the owner of the Defendant Entities

34.     George Tanchevski involved in the operation of Defendant Entities.

35.     Upon information and belief, George Tanchevski is the CEO of some or all of the Defendant Entities.

36.     Through the Defendant Entities, George Tanchevski owns and operates the Local Cantina restaurants.

37.     George Tanchevski supervised and directed the employment of Plaintiff.

38.     George Tanchevski is individually liable under the definitions of "employer" set forth in the FLSA, Section 34a, and the OMFWSA because he owns and operates the Defendant Entities, serves as a member of the Defendant Entities, ultimately controls significant aspects of the Defendant Entities' day-to-day functions, and ultimately controls compensation of employees. 29 U.S.C. § 203(d).

39.     Upon information and belief, George Tanchevski operates the Defendant Entities in conjunction with Hillcrest Egg & Cheese Co. and its subsidiary LLCs, HEC Cantina I, HEC Cantina II, HEC Cantina III, HEC Cantina IV, and HEC Cantina V.

40.     At all relevant times, by virtue of his role as owner of Defendant Entities, George Tanchevski has had financial control over the operations at each of the Defendant Entities.

41.     At all relevant times, by virtue of his role as owner of Defendant Entities, George Tanchevski has a role in significant aspects of Defendant Entities' day-to-day operations.

42.     At all relevant times, by virtue of his role as owner of Defendant Entities, George Tanchevski has had control over Defendants' pay policies.

43.     At all relevant times, by virtue of his role as owner of Defendant Entities, George Tanchevski has had power over personnel and payroll decisions at Defendant Entities, including but not limited to influence over server and bartender pay.

44.     At all relevant times, by virtue of his role as owner of Defendant Entities, George Tanchevski has had the power to hire, fire and discipline employees, including Plaintiff and other servers.

45.     At all relevant times, by virtue of his role as owner of Defendant Entities, George Tanchevski has had the power to stop any illegal pay practices that harmed Plaintiff and similarly situated employees.

46.     At all times relevant, by virtue of his role as owner of Defendant Entities, George Tanchevski has had the power to transfer the assets and liabilities of his Defendant Entities corporate entities.

47.     At all relevant times, by virtue of his role as owner of Defendant Entities, George Tanchevski has had the power to declare bankruptcy on behalf of Defendant Entities.

48.     At all relevant times, by virtue of his role as owner of Defendant Entities, George Tanchevski has had the power to enter into contracts on behalf of Defendant Entities.

49.     At all relevant times, by virtue of his role as owner of Defendant Entities, George Tanchevski has had the power to close, shut down, and/or sell Defendant Entities.

50.     At all relevant times, by virtue of his role as owner of Defendant Entities, George Tanchevski had authority over the overall direction of Defendant Entities and was ultimately responsible for their operations.

51.     Defendant Entities function for George Tanchevski's profit.

52.     George Tanchevski has influence over how Defendant Entities can run more profitably and efficiently.

**Doe Corporations 1-10**

53.     Upon information and belief, Defendants own, operate, and control other entities and/or limited liability companies that also comprise part of the Defendants' Local Cantina restaurants, and qualify as "employers" of Plaintiff and similarly situated employees at the Defendants' Local Cantina restaurants.

54.     Upon information and belief, George Tanchevski owns and/or operates, in whole or in part, a number of other entities that may make up part of the Defendants' Local Cantina operations.

55.     Upon information and belief, Hillcrest Egg and Cheese Co., d/b/a Hillcrest Foodservice, owns and/or operates, in whole or in part, a number of other entities that may make up part of the Defendants' Local Cantina operations, including HEC Cantina I, HEC Cantina II, HEC Cantina III, HEC Cantina IV, and HEC Cantina V.

56.     The identities of these additional Defendants should be revealed as discovery progresses and can be named at that time.

**John Doe 1-10**

57.     Upon information and belief, there are additional individuals who also qualify as "employers" of Plaintiff and the bartenders and servers at the Defendants' Local Cantinas locations as that term is defined by the FLSA and Ohio wage law.

58.     Upon information and belief, George Tanchevski has entered into co-owner relationships with business partners, and those individuals might also qualify as "employers" of Plaintiff and the bartenders and servers at the Defendants' Local Cantina locations as the term is defined by the FLSA and Ohio wage law.

9

59.     The identities of these additional Defendants should be revealed as discovery progresses and can be named at that time.

## FACTS

### CLASS-WIDE FACTUAL ALLEGATIONS

60.     During all relevant times, Defendants have operated nine Local Cantina restaurants in and around Columbus, Ohio.

61.     Plaintiff and the similarly situated employees she seeks to represent work or worked for Defendants as bartenders and/or servers ("tipped workers").

62.     All servers employed by Defendants over the last three years have had essentially the same job duties—to serve food and drinks to customers at Local Cantina.

63.     All bartenders employed by Defendants over the last three years had essentially the same job duties—to prepare drinks and serve food and drinks to customers at Local Cantina.

64.     Before May 12, 2020, Defendants paid tipped workers at "tipped minimum wage"—minimum wage minus the maximum allowable tip credit—for each hour they worked.

65.     Upon information and belief, before May 12, 2020, Defendants improperly retained tips left for tipped workers on online orders.

66.     In May 2020, Defendants required tipped workers to sign an agreement stating that they agreed to be paid a set amount each workweek, and that Defendants were allowed to retain all of the tips they received.

67.     Since the signing of the agreement, Defendants increased the hours tipped workers are scheduled to 45, and tipped workers have regularly worked between 40 and 45 hours per week.

10

68.     Since May 12, 2020, Defendants have retained 100% of the credit card tips received by tipped workers—i.e., in addition to the credit card tips left on online orders (which Defendants have retained throughout the relevant time period), Defendants now retain any credit card tips left on any purchase.

69.     Since May 12, 2020, Defendants have forced tipped workers to share cash tips with other employees who are not eligible to share in a tip pool. Specifically, since May 12, 2020, if the tipped workers receive cash tips, they are required to share them with the entire staff, which includes kitchen staff and some managers who are not eligible to take part in the tip pool.

70.     Since May 12, 2020, Defendants have paid tipped workers a set amount every week.

71.     Since May 12, 2020, Defendants have required tipped workers to work more than forty hours per week, but have not paid time-and-a-half overtime for these overtime hours.

72.     The tipped workers are not and have never been exempt from the FLSA.

73.     Since May 12, 2020, the tipped workers have clocked in and out of Defendants' Point of Sale system as they always have, and have regularly worked over 40 hours per week, but are paid for only 40 hours each week.

74.     Defendants have willfully failed to pay federal and Ohio state minimum wage and overtime to Plaintiff and similarly situated tipped workers.

**PLAINTIFF'S INDIVIDUAL FACTUAL ALLEGATIONS**

75.     Consistent with their policies, patterns, and practices as described herein, Defendants harmed Plaintiff, individually, as follows:

76.     Plaintiff worked as a bartender and server at Local Cantina in German Village from approximately May 2017 to present.

11

77.     As a bartender at Local Cantina, Plaintiff's primary job duties included preparing drinks, waiting on guests, and completing opening and closing non-tipped duties

78.     As a server at Local Cantina, Plaintiff's primary job duties included waiting on guests and completing opening and closing non-tipped duties.

79.     Until May 12, 2020, Plaintiff was paid minimum wage minus a tip credit for the hours she worked.

80.     Prior to May 12, 2020, Plaintiff typically worked 35-40 hours per week.

81.     From around May 12, 2020 to present, Plaintiff has been paid a set amount each week, no matter how many hours she works. Specifically, Plaintiff is paid $1,000 per week.

82.     From around May 12, 2020 to the present, Plaintiff has worked between 42 and 45 hours per week.

83.     At all relevant times, Plaintiff used a Point of Sale system to clock in and out of work.

84.     From around May 12, 2020 to the present, Defendants deducted hours from Plaintiff's time records that were generated based on when she signed in and out of the Point of Sale system, and paid her for only 40 hours of work.

85.     From around May 12, 2020 to the present, Defendants retained 100% of Plaintiff's credit card tips.

86.     From around May 12, 2020 to the present, Defendants required Plaintiff and other tipped workers to pool their cash tips and divide them equally among tipped and non-tipped employees.

87. At all relevant times, as a tipped worker for Local Cantina, Plaintiff is required to box up online to-go orders and prepare them for pick up. At all relevant times, when customers have left a credit card tip on an online order, Defendants have kept it.

## COLLECTIVE ACTION ALLEGATIONS

88. Plaintiff brings the First and Second Counts under 29 U.S.C. 216(b) on behalf of herself and the following FLSA Collective Subclass:

> All current and former tipped workers employed by Defendants in the State of Ohio between May 12, 2020 and the date of final judgment in this matter who elect to opt-in to this action (the "Post-May 2020 FLSA Subclass")

89. Plaintiff brings the Seventh and Eighth Counts under 29 U.S.C. 216(b) on behalf of herself and the following FLSA Collective Subclass:

> All current and former tipped workers employed by Defendants in the State of Ohio between June 15, 2017 and the date of final judgment in this matter who worked in Local Cantina locations where tips left on online orders were not distributed in whole or in part to the tipped workers, who elect to opt-in to this action (the "Pre-May 2020 FLSA Subclass").

90. At all relevant times, Plaintiff and the two FLSA Collectives have been similarly situated, have had substantially similar job duties, requirements, and pay provisions, and have all been subject to Defendants' decision, policy, plan, practices, procedures, protocols, and rules of willfully failing to properly take a tip credit from the wages of Plaintiff and the FLSA Collective, retaining employee tips, and refusing to pay time-and-a-half overtime wages.

91. Defendants' unlawful conduct has been pursuant to corporate policies or practices of minimizing labor costs by failing to properly pay Plaintiff and the two FLSA Collective Subclasses.

13

92. Defendants are aware or should have been aware that federal law required them to pay employees minimum wage for all hours worked.

93. Defendants are aware or should have been aware that federal law prohibited them from retaining employee tips.

94. Defendants are aware or should have been aware that federal law required them to pay non-exempt employees an overtime premium for hours worked over 40 per workweek.

95. Defendants' unlawful conduct has been widespread, repeated, and consistent.

96. The First, Second, Seventh, and Eighth Counts are properly brought under and maintained as an opt-in collective action under 29 U.S.C. § 216(b).

97. The two FLSA Collective Subclass members are readily identifiable and ascertainable.

98. For the purpose of notice and other purposes related to this action, the two FLSA Collective Subclass members' names, addresses, email addresses, and phone numbers are readily available from Defendants' records.

99. In recognition of the services Plaintiff has rendered and will continue to render to the two FLSA Collective Subclasses, Plaintiff will request payment of a service award upon resolution of this action.

## CLASS ACTION ALLEGATIONS

100. Plaintiff brings the Third, Fourth, Fifth, and Sixth Counts under Federal Rule of Civil Procedure 23, on behalf of herself and a class of persons consisting of:

> All current and former tipped workers employed by Defendants in the State of Ohio between May 12, 2020 and the date of final judgment in this matter (the "post-May 2020 Rule 23 Subclass").

14

101.     Plaintiff brings the Ninth and Tenth Counts under Federal Rule of Civil Procedure

23, on behalf of herself and a class of persons consisting of:

> All current and former tipped workers employed by Defendants in the State of Ohio
> between June 15, 2017 and the date of final judgment in this matter who worked in
> Local Cantina locations where tips left on online orders were not distributed in
> whole or in part to the tipped workers (the "pre-May 2020 Rule 23 Subclass").

102.     Excluded from the Rule 23 Classes are Defendants' legal representatives, officers,

directors, assigns, and successors, or any individual who has, or who at any time during the class

period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and

any member of the Judges' immediate family; and all persons who will submit timely and otherwise

proper requests for exclusion from the Rule 23 Classes.

103.     The number and identity of the Rule 23 Class members are ascertainable from

Defendants' records. The hours assigned and worked, the positions held, and the rates of pay for

each Rule 23 Class Member are also determinable from Defendants' records. For the purpose of

notice and other purposes related to this action, their names, addresses, email addresses, and

phone numbers are readily available from Defendants. Notice can be provided by means

permissible under Federal Rule of Civil Procedure 23.

104.     The Rule 23 Classes are so numerous that joinder of all members is impracticable,

and the disposition of their claims as a class will benefit the parties and the Court.

105.     There are more than 50 Rule 23 Class members in both Rule 23 Subclasses.

106.     Plaintiff's claims are typical of those claims which could be alleged by any Rule 23

Class member, and the relief sought is typical of the relief which would be sought by each Rule 23

Class member in separate actions.

107.     Plaintiff and the Post-May 2020 Rule 23 Subclass members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay overtime wages and retaining tips left for tipped workers.

108.     Plaintiff and the Pre-May 2020 Rule 23 Subclass members were subject to the same corporate practices of Defendants, as alleged herein, of retaining tips left for employees and thereby failing to properly claim a tip credit offset against employees' wages.

109.     Plaintiff and the Rule 23 Class members have all sustained similar types of damages as a result of Defendants' failure to comply with OMFWSA, Section 34a, and O.R.C. § 4113.15.

110.     Plaintiff and the Rule 23 Class members have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns of conduct. Defendants' corporate-wide policies and practices affected the members of Rule 23 Classes similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each of the Rule 23 Class members.

111.     Plaintiff and the Rule 23 Class members sustained similar losses, injuries, and damages arising from the same unlawful practices, polices, and procedures.

112.     Plaintiff is able to fairly and adequately protect the interests of the Rule 23 Classes and has no interests antagonistic to either of the Rule 23 Classes.

113.     Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation.

114.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation on behalf of

16

minimum wage employees where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants.

115. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

116. Common questions of law and fact exist as to the Post-May 2020 Rule 23 Subclass that predominate over any questions only affecting Plaintiff and the Post-May 2020 Rule 23 Subclass members individually and include, but are not limited to:

1. Whether Defendants improperly retained tips given to or intended for Plaintiff and the Post-May 2020 Rule 23 Subclass members;

2. Whether Defendants paid Plaintiff and the Post-May 2020 Rule 23 Subclass time-and-a-half overtime for hours worked in excess of 40 hours per week;

3. Whether Defendants required Plaintiff and the Post-May 2020 Rule 23 Subclass to share tips with employees or others who were not permitted to share in a tip pool;

4. Whether Defendants failed to pay Plaintiff and the Post-May 2020 Rule 23 Subclass in a timely manner as described by O.R.C. § 4113.15;

5. Whether Defendants' policy of failing to pay Plaintiff and the Post-May 2020 Rule 23 Subclass was instituted willfully or with reckless disregard of the law;

6. The nature and extent of class-wide injury and the measure of damages for those injuries.

117. Common questions of law and fact exist as to the Pre-May 2020 Rule 23 Subclass that predominate over any questions only affecting Plaintiff and the Pre-May 2020 Rule 23 Subclass members individually and include, but are not limited to:

1. Whether Defendants improperly retained tips given to or intended for Plaintiff and the Pre-May 2020 Rule 23 Subclass;

2. Whether Defendants paid Plaintiff and the Pre-May 2020 Rule 23 Subclass members at the proper minimum wage rate for all hours worked;

3. Whether Defendants required Plaintiff and the Pre-May 2020 Rule 23 Subclass to share tips with employees or others who were not permitted to share in a tip pool;

4. Whether Defendants failed to pay Plaintiff and the Pre-May 2020 Rule 23 Subclass in a timely manner as described by O.R.C. § 4113.15;

5. Whether Defendants' policy of failing to pay Plaintiff and the Pre-May 2020 Rule 23 Subclass was instituted willfully or with reckless disregard of the law;

6. The nature and extent of class-wide injury and the measure of damages for those injuries.

118. In recognition of the services Plaintiff has rendered and will continue to render to the Rule 23 Classes, Plaintiff will request payment of a service award upon resolution of this action.

## CAUSES OF ACTION
### Count 1
**Failure to Pay Minimum Wages - Fair Labor Standards Act**
**(On Behalf of Plaintiff and the Post-May 2020 FLSA Collective Subclass)**

119. Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

120. Plaintiff and the Post-May 2020 FLSA Collective Subclass are or were non-exempt, hourly employees entitled to receive no less than minimum wage for all hours worked.

121. After May 12, 2020, Defendants improperly retained all of the credit card tips left for Plaintiff and the Post-May 2020 FLSA Collective Subclass—those left on online orders, and those left on any other order as well.

122. After May 12, 2020, Defendants improperly required Plaintiff and the Post-May 2020 FLSA Collective Subclass to share tips with non-tipped employees.

18

123.     By the acts and conduct described above, Defendants willfully violated the provisions of the FLSA and disregarded the rights of Plaintiff and the Post May 2020 FLSA Collective Subclass.

124.     Plaintiff and the Post May 2020 FLSA Collective Subclass have been damaged by Defendants' willful failure to pay minimum wage as required by law.

125.     As a result of Defendants' violations, Plaintiff and the Post May 2020 FLSA Collective Subclass are entitled to damages, including, but not limited to, unpaid wages, misappropriated tips, liquidated damages, costs, and attorneys' fees.

**Count 2**
**Failure to Pay Overtime Wages – Fair Labor Standards Act**
**(On Behalf of Plaintiff and the Post May 2020 FLSA Collective Subclass)**

126.     Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

127.     Plaintiff and the Post May 2020 FLSA Collective Subclass worked more than forty hours in one or more workweeks.

128.     Beginning in May 12, 2020, Defendants have paid Plaintiff and the Post May 2020 FLSA Collective Subclass a set amount each week, no matter how many hours they work.

129.     Defendants have failed to pay Plaintiff and the Post May 2020 FLSA Collective Subclass time-and-a-half overtime wages when they worked over forty hours per week.

130.     By not paying Plaintiff and the Post May 2020 FLSA Collective Subclass proper overtime wages for time worked in excess of forty hours in a workweek, Defendants have willfully violated the FLSA.

131. As a result of Defendants' willful violations, Plaintiff and the Post May 2020 FLSA Collective Subclass are entitled to damages, including, but not limited to, unpaid wages, liquidated damages, costs, and attorneys' fees.

**Count 3**
**Failure to Pay Minimum Wages - Ohio Constitution, Article II, § 34a**
**(On Behalf of Plaintiff and the Post-May 2020 Rule 23 Subclass)**

132. Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

133. As employers under Section 34a, Defendants are not permitted to retain employee tips.

134. During all or part of the relevant time period, Defendants have improperly retained tips intended for Plaintiff and the Post-May 2020 Rule 23 Subclass and/or required Plaintiff and the Post-May 2020 Rule 23 Subclass to share tips with non-tipped employees.

135. By retaining the tips received by Plaintiff and the Post-May 2020 Rule 23 Subclass for their own purposes, Defendants have violated the Ohio Constitution, Article II, § 34a.

136. As a result of Defendants' violations, Plaintiff and the Post-May 2020 Rule 23 Subclass are entitled to damages, including, but not limited to, unpaid wages, misappropriated tips, an additional two times unpaid wages in damages under Section 34a, costs, and attorneys' fees.

**Count 4**
**Failure to Pay Overtime Wages – Ohio Minimum Fair Wage Standards Act**
**(On Behalf of Plaintiff and the Post-May 2020 Rule 23 Subclass)**

137. Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

138.    Plaintiff and the Post-May 2020 Rule 23 Subclass worked more than forty hours in one or more workweeks.

139.    Beginning in May 12, 2020, Defendants did not compensate Plaintiff and the Post-May 2020 Rule 23 Subclass for the hours they worked over 40 hours per week. Instead, Defendants paid Plaintiff and the Post-May 2020 Rule 23 Subclass a set weekly amount each week.

140.    By not paying Plaintiff and the Post-May 2020 Rule 23 Subclass proper overtime wages for time worked in excess of forty hours in a workweek, Defendants have violated the OMFWSA.

141.    As a result of Defendants' violations, Plaintiff and the Post-May 2020 Rule 23 Subclass are entitled to damages, including, but not limited to, unpaid overtime wages, costs, and attorneys' fees.

**Count 5**
**Untimely Payment of Wages – O.R.C. § 4113.15**
**(On Behalf of Plaintiff and the Post-May 2020 Rule 23 Subclass)**

142.    Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

143.    During all relevant times, Defendants were entities covered by O.R.C. § 4113.15, and Plaintiff and the Post-May 2020 Rule 23 Subclass were employees within the meaning of O.R.C. § 4113.15 and were not exempt from its protections.

144.    O.R.C. § 4113.15(A) requires that Defendants pay Plaintiff and the Post-May 2020 Rule 23 Subclass all wages, including unpaid overtime, on or before the first day of each month, for wages earned during the first half of the preceding month ending with the fifteenth day thereof,

21

and on or before the fifteenth day of each month, for wages earned during the last half of the preceding calendar month.

145.    Plaintiff and the Post-May 2020 Rule 23 Subclass's unpaid wages have remained unpaid for more than thirty (30) days beyond their regularly scheduled payday.

146.    In violating Ohio law, Defendants acted willfully, without a good faith basis and with reckless disregard to Ohio law.

147.    As a result of Defendants' willful violation, Plaintiff and the Post-May 2020 Rule 23 Subclass are entitled to unpaid wages and liquidated damages, as stated in O.R.C. § 4113.15.

**Count 6**
**Damages Pursuant to O.R.C. § 2307.60**
**(On Behalf of Plaintiff and the Post-May 2020 Rule 23 Subclass)**

148.    Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

149.    The Fair Labor Standards Act, 29 U.S.C. § 216(a), imposes criminal penalties for willful violations of the FLSA.

150.    By their acts and omissions described herein, Defendants have willfully violated the FLSA, and Plaintiff and the Post-May 2020 Rule 23 Subclass have been injured as a result.

151.    O.R.C. § 2307.60 permits anyone injured in person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages.

152.    As a result of Defendants' willful violations of the FLSA, Plaintiff and the Post-May 2020 Rule 23 Subclass are entitled to compensatory and punitive damages pursuant to O.R.C. § 2307.60.

**Count 7**
**Failure to Pay Minimum Wages - Fair Labor Standards Act**
**(On Behalf of Plaintiff and the Pre-May 2020 FLSA Collective Subclass)**

153.    Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

154.    Plaintiff and the Pre-May 2020 FLSA Collective Subclass are or were non-exempt, hourly employees entitled to receive no less than minimum wage for all hours worked.

155.    Before May 12, 2020, Plaintiff and the Pre-May 2020 FLSA Collective Subclass were paid minimum wage minus a tip credit for the hours they worked.

156.    Before May 12, 2020, Defendants improperly retained credit card tips left on online orders for Plaintiff and the Pre-May 2020 FLSA Collective Subclass.

157.    Defendants did not provide tip credit notice as required by 29 U.S.C. § 203(m).

158.    Defendants' tip credit notice did not comply with 29 C.F.R. § 531.59(b).

159.    By the acts and conduct described above, Defendants willfully violated the provisions of the FLSA and disregarded the rights of Plaintiff and the Pre-May 2020 FLSA Collective Subclass.

160.    Plaintiff and the Pre-May 2020 FLSA Collective Subclass have been damaged by Defendants' willful failure to pay minimum wage as required by law.

161.    As a result of Defendants' violations, Plaintiff and the Pre-May 2020 FLSA Collective Subclass are entitled to damages, including, but not limited to, unpaid wages, misappropriated tips, liquidated damages, costs, and attorneys' fees.

**Count 8**
**Failure to Pay Minimum Wages - Ohio Constitution, Article II, § 34a**
**(On Behalf of Plaintiff and the Pre-May 2020 Rule 23 Subclass)**

162.    Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

163.    As employers under Section 34a, Defendants are not permitted to retain employee tips.

164.    During all or part of the relevant time period, Defendants have improperly retained tips intended for Plaintiff and the Pre-May 2020 Rule 23 Subclass on online orders and/or required Plaintiff and the Pre-May 2020 Rule 23 Subclass to share tips with non-tipped employees.

165.    By retaining the tips received by Plaintiff and the Pre-May 2020 Rule 23 Subclass for their own purposes, Defendants have violated the Ohio Constitution, Article II, § 34a.

166.    As a result of Defendants' violations, Plaintiff and the Pre-May 2020 Rule 23 Subclass are entitled to damages, including, but not limited to, unpaid wages, misappropriated tips, an additional two times unpaid wages in damages under Section 34a, costs, and attorneys' fees.

**Count 9**
**Untimely Payment of Wages – O.R.C. § 4113.15**
**(On Behalf of Plaintiff and the Pre-May 2020 Rule 23 Subclass s)**

167.    Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

168.    During all relevant times, Defendants were entities covered by O.R.C. § 4113.15, and Plaintiff and the Pre-May 2020 Rule 23 Subclass were employees within the meaning of O.R.C. § 4113.15 and were not exempt from its protections.

169. O.R.C. § 4113.15(A) requires that Defendants pay Plaintiff and the Pre-May 2020 Rule 23 Subclass all wages, including unpaid overtime, on or before the first day of each month, for wages earned during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned during the last half of the preceding calendar month.

170. Plaintiff and the Pre-May 2020 Rule 23 Subclass's unpaid wages have remained unpaid for more than thirty (30) days beyond their regularly scheduled payday.

171. In violating Ohio law, Defendants acted willfully, without a good faith basis and with reckless disregard to Ohio law.

172. As a result of Defendants' willful violation, Plaintiff and the Pre-May 2020 Rule 23 Subclass are entitled to unpaid wages and liquidated damages, as stated in O.R.C. § 4113.15.

**Count 10**
**Damages Pursuant to O.R.C. § 2307.60**
**(On Behalf of Plaintiff and the Pre-May 2020 Rule 23 Subclass)**

173. Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

174. The Fair Labor Standards Act, 29 U.S.C. § 216(a), imposes criminal penalties for willful violations of the FLSA.

175. By their acts and omissions described herein, Defendants have willfully violated the FLSA, and Plaintiff and the Pre-May 2020 Rule 23 Subclass have been injured as a result.

176. O.R.C. § 2307.60 permits anyone injured in person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages.

177.    As a result of Defendants' willful violations of the FLSA, Plaintiff and the Pre-May 2020 Rule 23 Subclass are entitled to compensatory and punitive damages pursuant to O.R.C. § 2307.60.

**WHEREFORE**, Plaintiff Kelsey Smith prays for all of the following relief:

A.    Designation of this action as a collective action on behalf of the members of the two FLSA collective action subclasses and prompt issuance of notice to all similarly-situated members of the opt-in classes, apprising them of this action, permitting them to assert timely wage and hour claims in this action, and appointment of Plaintiff and their counsel to represent the collective action members.

B.    Unpaid minimum wages, overtime pay, unlawfully retained tips, and an additional and equal amount as liquidated damages pursuant to the FLSA and supporting regulations for both FLSA Subclasses;

C.    Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, and designation of the two Rule 23 Subclasses described herein;

D.    Designation of Plaintiff as representative of both the Post-May 2020 Rule 23 Subclass and the Pre-May 2020 Rule 23 Subclass and counsel of record as Class Counsel;

E.    A declaratory judgment that the practices complained of herein are unlawful under Section 34a, the OMFWSA, and O.R.C. § 4113.15.

F.    An award of unpaid minimum wages, overtime wages, and unlawfully retained tips due under Section 34a and the OMFWSA.

G.    An award of damages under Section 34a, based on Defendants' failure to pay minimum wages pursuant to Section 34a, calculated as an additional two times of back wages.

H.      Liquidated damages under O.R.C. § 4113.15.

I.       Compensatory and punitive damages under O.R.C. § 2307.60.

J.      An award of prejudgment and post-judgment interest.

K.     An award of costs and expenses of this action, together with reasonable attorneys'

fees and expert fees.

L.      Such other legal and equitable relief as the Court deems appropriate.

Respectfully submitted,

/s/ Phil Krzeski
Andrew R. Biller (Ohio Bar # 0081452)
BILLER & KIMBLE, LLC
4200 Regent Street, Suite 200
Columbus, OH 43219
Telephone: (614) 604-8759
Facsimile: (614) 340-4620
*abiller@billerkimble.com*

Andrew P. Kimble (Ohio Bar # 0093172)
Philip J. Krzeski (Ohio Bar # 0095713)
Louise M. Roselle (Ohio Bar # 14844)
Nathan J. Spencer (Ohio Bar # 0092262)
BILLER & KIMBLE, LLC
8044 Montgomery Rd., Ste. 515
Cincinnati, OH 45236
Telephone: (513) 715-8711
Facsimile: (614) 340-4620
*akimble@billerkimble.com*
*pkrzeski@billerkimble.com*
*lroselle@billerkimble.com*
*nspencer@billerkimble.com*

www.billerkimble.com

*Counsel for Plaintiff and the putative class*

27

## **JURY DEMAND**

Plaintiff hereby demands a jury trial by the maximum persons permitted by law on all

issues herein triable to a jury.

/s/ Phil Krzeski
Philip J. Krzeski