# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Kelsey Smith, | |
| *On behalf of herself and those similarly situated*, | Case No. 2:20-cv-3064 |
| Plaintiff, | Judge James L. Graham |
| v. | Magistrate Judge Kimberly A. Jolson |
| Local Cantina, LLC, *et al.*, | |
| Defendants. | |

SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is entered into by and between Plaintiff, Kelsey Smith ("Plaintiff"), individually and on behalf of all similarly-situated individuals identified in Section 1(B) below and, on the other hand, Defendants Local Cantina, LLC; Local Cantina German Village, LLC; Local Cantina Clintonville, Local Cantina Creekside LLC; LLC; Local Cantina Dayton LLC; Local Cantina Dragon LLC; Local Cantina Dublin LLC; Local Cantina Gahanna LLC; Local Cantina Grandview LLC; Local Cantina Grove City LLC; Local Cantina Hilliard LLC; Local Cantina Holdings LLC; Local Cantina II, LLC; Local Cantina New Albany LLC; Local Cantina Polaris LLC; Local Cantina Properties LLC; Local Cantina Rossi LLC; Local Cantina Trolley LLC; Local Cantina Union Club LLC; 197 Thurman Ave. LLC; George Tanchevski (collectively "Defendants"). Defendants and Plaintiff will be collectively referred to as the "Parties."

The Parties agree as follows:

1. **Purpose and Background**

   A. On June 15, 2020, this lawsuit, *Smith v. Local Cantina, LLC, et al.* (the "Lawsuit"), was filed, and is currently pending in the United States District Court, Southern District of Ohio (Eastern Division) (the "Court"), case number 2:20-cv-3064.

   B. The Parties seek to resolve all claims raised in the Lawsuit. For purposes of this Agreement, the Parties have agreed to the following settlement class:

1

All current and former tipped workers employed from June 15, 2017 to July 29, 2020 at Defendants' restaurants. These individuals are collectively referred to as "the Class" and individually as "Class Members."

"Defendants' restaurants" include the following locations:

1. Local Cantina, 3126 N. High Street, Columbus, Ohio 43202;
2. Local Cantina, 1423B Grandview Avenue, Grandview, Ohio 43212;
3. Local Cantina, 101 Mill Street, Suite 100 Gahanna, Ohio 43230;
4. Local Cantina, 3975 Main Street, Hilliard, Ohio 43026;
5. Local Cantina, 743 S. High Street, Columbus, Ohio 43206;
6. Local Cantina, 4537 Bridge Park Avenue, Dublin, Ohio 43017;
7. Local Cantina, 667 N. Cleveland Avenue, Westerville, Ohio 43082;
8. Local Cantina, 3937 Broadway, Unit A, Grove City, Ohio 43123;
9. Local Cantina, 503 E. 1st Street, Dayton, Ohio 45402;
10. Local Cantina, 600 N. High Street, Columbus, Ohio 43215;
11. The Rossi, 895 N. High Street, Columbus, Ohio 43215;
12. Old Skool, 2941 North High Street, Columbus, Ohio 43202;
13. South Village Grille, 197 Thurman Avenue, Columbus, Ohio 43206;
14. Jony's Sushi, 195 Thurman Avenue, Columbus, Ohio 43206;
15. Local Bar, 913 N High St, Columbus, OH 43201
16. Somewhere in Particular (SIP), 5053 Dierker Road, Columbus, Ohio 43220; and
17. SIP Local, 2808 N. High Street, Columbus, Ohio 43202

The "Class Period" is from June 15, 2017 to July 29, 2020.

C. The purpose of this Agreement is to conclusively and finally resolve all of Plaintiff's and Class Members' claims against Defendants and Defendants' restaurants that were raised as part of the Lawsuit and occurred during the Class Period. As detailed herein, the Class Members are not releasing all of their wage and hour claims against Defendants; only those that were raised in the Complaint.

D. The Parties agree and understand that this Agreement is part of a global settlement, and that this Agreement is neither valid nor enforceable unless the Court enters a written Order approving this Agreement. If the Court does not finally approve this Agreement, then this Agreement is null and void.

2. **Opportunity to Negotiate, Consider, and Consult with Counsel**

A. The terms of this Agreement are the product of lengthy, arms-length negotiations between the Parties. The negotiations included a private mediation with Stephen Watring on March

10, 2021. The parties did not reach agreement at mediation, but reached the agreement described here in July 2021.

B. The Parties agree that the consideration given to support the obligations under this Agreement is adequate and sufficient in all respects and that the Parties have not made, received, or been made any promise, inducement, or concession not set forth in this Agreement in support of the obligations imposed.

C. The Parties acknowledge that they have been represented by counsel throughout the negotiation of this Agreement and the Lawsuit.

3. **Settlement and Disbursement**

A. To settle the Action, and in consideration of the release of claims and dismissal of the Action, Defendants agree to pay $630,000 (the "Settlement Fund"). The Settlement accounts for all payments and claims raised in the Lawsuit by Plaintiff and Class Members, including, but not limited to, those for all alleged unpaid wages, misappropriated tips, liquidated damages, statutory damages, civil damages, exemplary damages, punitive damages, penalties, interest, attorneys' fees, expenses, claims administration fees, and service awards, up to and including the end of the Class Period.

B. As described below, the parties will retain a third-party claims administrator (the "Administrator") to administer settlement notice and payment, and the administration costs will come from the Settlement Fund. Defendants have or will provide the necessary data for all Class Members to the Administrator and to Plaintiff's Counsel to calculate award amounts. Specifically, Defendants will provide records of all overtime hours worked and payrates paid for those hours, broken down by employee and by year, from June 15, 2017 to July 29, 2020 to assist with calculations. The Parties anticipate these records will be sufficient to calculate the individual settlement awards, but the Parties also agree to cooperate with one another to the extent additional records are necessary to complete the calculations.

C. The Settlement will be divided in the following way:

    i. First, any amounts awarded for attorneys' fees, expenses, administration expenses, and service awards will be subtracted from the Settlement Fund.

    ii. Second, the remaining portion of the Settlement Fund will be distributed as follows:

        a. <u>Pre-Covid and Post Program Overtime Claim</u>: Class Members who performed work in excess of 40 hours in any workweek from June 15, 2017 to March 16, 2020 and from June 23, 2020 to July 29, 2020, will receive a pro rata share of $25,000 based on the number of overtime hours they worked from June 15, 2017 to March 16, 2020 and from June 23, 2020 to

July 29, 2020. Any Class Member who returned a consent to join form in this Lawsuit will have their overtime hours counted at 1.5× for purposes of this calculation.

    b. <u>Tip Credit Violation for Retention of Tips for Online Orders Claim</u>: Class Members who performed work in any workweek from June 15, 2017 to March 16, 2020 and from June 23, 2020 to July 29, 2020 will receive a pro rata share $10,000 based on the number of hours they worked from June 15, 2017 to March 16, 2020 and from June 23, 2020 to July 29, 2020. Any Class Member who returned a consent to join form in this Lawsuit will have their hours counted at 1.5× for purposes of this calculation.

    c. <u>Post-Covid Overtime and Tip Misappropriation Claims</u>: Class Members who performed work between March 17, 2020 and June 22, 2020 will receive a pro rata share of the remainder of the Settlement Fund based on the number of shifts they worked between March 17, 2020 and June 22, 2020. Class Member who returned a consent to join form in this Lawsuit will have their hours counted at 1.5× for purposes of this calculation.

D. The Settlement will be disbursed as follows:

    i. All amounts disbursed will be by check directed to each Class Member. One-half (1/2) of the individual settlement payments to Class Members will be treated as ordinary wages subject to payroll tax withholdings, and one-half (1/2) of the individual settlement payments to Class Members will be treated as statutory damages or miscellaneous payments. Defendants are responsible for payment of the employers' share of payroll taxes as required by law, and to be paid outside the settlement fund. The Claims Administrator will issue Forms W-2 and 1099 to the Class Members.

    ii. Checks may be cashed or negotiated within 180 days of being issued. After 180 days, the check will be void. The face of each check will contain the following language: "Void after 180 days." At any point during the 180 days after the checks are initially issued, any Class Member may request that the Administrator reissue his or her check. The requesting Class Member may make their request by phone, email, U.S. mail, or through Class Counsel. The Administrator and/or Defendants will then reissue the Class Member's check, which will be printed with release language, to him or her. To the extent any check is re-issued by Defendants or the Claims Administrator, the check may be cashed or negotiated within 180 days of being re-issued.

    iii. If there are any unclaimed funds still held in trust after the process described in Paragraph (3)(D)(iii) is complete, those funds will be redistributed to the Class Members on the same prorated basis as above with Class Members receiving no less

than $10. To the extent that the remaining funds would result in Class Members receiving less than $10 each, the money will be distributed *Cy Pres*.

E. The Parties are responsible for ensuring their own proper tax treatment of the payments. In addition to the Settlement, Defendants will be responsible for their own portion of employer taxes (*e.g.*, FICA, FUTA, unemployment insurance), if any, arising from this Agreement. The Parties also agree and understand any payments under this Agreement are not intended to, will not form the basis for, nor shall they be considered wages for calculating, or re-calculating, additional contributions to, or benefits under, any benefit or compensation plans maintained by the Defendants for the benefit of their employees and their employees' beneficiaries. Class Members will be responsible for their individual payroll taxes, if any, that are normally withheld from their wages. Those amounts, if any, will be withheld by the Administrator and remitted to the proper taxing authorities. Class Members will also be responsible for taxes associated with the payment for statutory damages/miscellaneous payment for which they will receive a 1099.

F. Defendants will, from the Settlement, pay to Plaintiff $10,000 as a service award, subject to Court approval. This amount will come from the Settlement and will count toward the maximum amount of the Settlement. The service award will be payable by a separate check and will be considered as Form 1099 income. Plaintiff will be responsible for taxes associated with this payment.

G. The Court shall retain continuing jurisdiction over the Settlement. In the event that Plaintiff, Class Counsel, and/or Class Members believe he/they must petition the Court to enforce, implement, or interpret this Agreement and/or if Defendants fail to make one or more payments as outlined above, Plaintiff and Class Members may notify Defendants of the issue. Defendants will then have 14 days to cure the failure or issue. If Defendants do not cure the failure or issue, Plaintiff, Class Counsel, and/or Class Members can request from the Court an entry of judgment against Defendants jointly and severally for the amount suffered as a result of the breach of the Settlement Agreement (including approved attorneys' fees) plus applicable interest. Further, in the event they prevail, Plaintiff, Class Counsel, and/or the Class Members will be entitled to recover reasonable attorneys' fees and costs associated with obtaining such a judgment and its enforcement.

H. All payments set forth in this Section 3 are subject to Court approval of the Settlement (including responses to any objections or inquiries in response to the CAFA notice).

4. **Attorneys' Fees and Expenses**

A. Defendants agree not to object to an attorneys' fee award equal to one-third of the Settlement ($210,000). In addition, Defendants agree not to object to Class Counsels' anticipated request for reimbursement of litigation expenses. This amount will be subtracted from the Settlement after any award for attorneys' fees.

B. The parties will retain a third-party Administrator to facilitate disbursement of the settlement notice, to facilitate the payments described above, to establish a Qualified Settlement Fund, and/or hold money in trust. The Claims Administrator's costs will be deducted from the Settlement Fund prior to calculation of the Class Members' awards, subject to Court approval.

C. This Agreement is not contingent on the Court approving the amount of attorneys' fees and costs noted above. In the event that the Court does not approve the above amount of attorneys' fees and costs or reduces that amount, the finding will not be a basis for rendering any unrelated section of the Agreement null, void, or unenforceable. Class Counsel retain their right to appeal any decision by the Court regarding the attorneys' fees and costs and such appeal will not be deemed an appeal of this Agreement or the Settlement. The merits and substance of the Settlement will be approved by the Court separately and independently of the Court's decisions regarding Class Counsel's application for attorneys' fees and costs. In no event will Defendants be obligated to pay more than $630,000 to the Class, Class Counsel, and the Administrator.

## 5. Release

A. The term "Released Parties" includes all Defendants named in Plaintiff's Class and Collective Action Complaint and First Amended Class and Collective Action Complaint and Defendants' restaurants and all locations for which Defendants provided Plaintiff with data including Local Cantina Short North, South Village Grille, Jonys Sushi, Local Cantina Brewery District, Local Cantina Westerville, The Rossi, Local Bar, Somewhere in Particular (SIP), Golden Opportunity, SIPLocal (SIP Local), Cantina Cap. Short North, 12061976 2941 North High LLC (Old Skool) and its/their current or former parents, subsidiaries, affiliates, divisions, predecessors, successors, subrogees, assigns, franchisors, benefit plans and related companies, and each and all of their current or former agents, officers, directors, shareholders, owners, holding companies, investors, members, employees, representatives, managers, attorneys, successors, predecessors, administrators, heirs, executors, trustees, assigns and insurers, and all persons acting by, through, under or in concert with any of them, and each of them,

B. Each Class Member who does not opt out of the settlement will release Defendants, Defendants' restaurants and the Released Parties from all claims for alleged unlawful retention of employee tips from March 17, 2020 to June 22, 2020; all claims for alleged unpaid overtime wages for hours worked from March 17, 2020 to June 22, 2020; all claims for alleged unpaid overtime wages for hours worked from June 15, 2017 to March 16, 2020 and from June 23, 2020 to July 29, 2020; and all claims for misappropriated tips or tip credit differential arising from the allegation that Defendants unlawfully retained employee tips left on online to-go orders from June 15, 2017 to March 16, 2020 and from June 23, 2020 to July 29, 2020, including any liquidated damages, statutory damages, civil damages, exemplary damages, punitive damages, penalties, interest, and attorneys' fees and expenses related thereto pursuant to the FLSA and Ohio law.

E.  The back of each settlement check issued to Class Members will contain the following release:

> By cashing or negotiating this check, I agree to join the lawsuit *Smith v. Local Cantina, LLC, et al.*, No. 2:20-cv-3064 (the "Lawsuit") and agree to be bound to the Settlement and Release Agreement in the Lawsuit. I irrevocably and unconditionally waive, release, extinguish, acquit, and forever discharge the following claims only: all claims for alleged unlawful retention of employee tips from March 17, 2020 to June 22, 2020; all claims for alleged unpaid overtime wages for hours worked from March 17, 2020 to June 22, 2020; all claims for alleged unpaid overtime wages for hours worked from June 15, 2017 to March 16, 2020 and from June 23, 2020 to July 29, 2020; and all claims for misappropriated tips or tip credit differential arising from the allegation that Defendants unlawfully retained employee tips left on online to-go orders from June 15, 2017 to March 16, 2020 and from June 23, 2020 to July 29, 2020, including any liquidated damages, statutory damages, civil damages, exemplary damages, punitive damages, penalties, interest, and attorneys' fees and expenses related thereto pursuant to the FLSA and Ohio law.

## 6. Administration Procedure and Timeline

The Parties agree to the following timeline for the completion of the settlement process and dismissal of the Action:

A.  <u>Settlement Approval:</u> Plaintiff will draft and file a Motion for Preliminary Settlement Approval as soon as practicable. Plaintiff will provide Defendants with a draft Motion for Preliminary Approval. Defendants shall have 14 days to review and comment on the Motion for Preliminary Approval, and Plaintiff will not unreasonably reject any changes proposed by Defendants.

B.  <u>Production of Class Data:</u> Within 7 days of the Court's preliminary approval, Defendants will transmit to the Claims Administrator the last known addresses, email addresses, phone number, social security number, and dates of employment for each Class Member. Defendants will also transmit to Class Counsel the last known addresses, email addresses, phone number, and dates of employment for each Class Member.

C.  <u>Notice:</u> Within 7 days of Defendants' transmission of the above information, the Claims Administrator will transmit the Notice of Settlement (Ex. 1) to each Class Member by regular U.S. Mail and Electronic Mail. Upon reasonable request, Class Counsel may provide additional copies of the Notices to a requesting Class Member in the format most convenient for the Class Member (*i.e.*, U.S. Mail, Email, Fax, etc.).

D. <u>Opt-out/Objection:</u> Each Class Member will have 60 days from the date the Administrator mails the above Notices in which to opt-out of the settlement or object to the settlement. This 60-day time period is the "Notice Period."

E. <u>Opting Out:</u> Any Class Member that wishes to exclude him or herself from this settlement may do so by submitting the request in writing within the Notice Period to Class Counsel. The request must include the following: (1) the Class Member's name, (2) the Class Member's signature, (3) the date signed, (4) a statement to the effect of "I wish to opt out of the settlement in *Smith v. Local Cantina, LLC, et al.*," and (5) a statement to the effect of "I understand that by opting out, I will receive no benefits from this settlement."

F. <u>Objecting:</u> Any Class Member that wishes to object to the settlement may file their objection, along with any supporting briefs and supporting documents, with the Clerk of Court within the Notice Period. The objection must include a written statement (1) objecting to the settlement, (2) setting forth the objection's grounds, (3) setting forth the specific reasons for the objection, including any legal or evidentiary support for the objection, (4) stating whether the Class Member intends to appear and object to the settlement at the Final Approval Hearing, and (5) containing the Class Member's name, address, and telephone number. The Class Member must sign and date the objection. The objection must include documents sufficient to prove the objector's membership in the Class, such as proof of employment. Class Members who intend to object and desire to present evidence at the Settlement Fairness Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing. The Class Member must send a copy of all of these items to Class Counsel, the Administrator, and Defendants' Counsel. Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and will be forever foreclosed from making any objection to the proposed settlement.

G. <u>Motion for Final Approval:</u> Within 30 days of the close of the Notice Period, Plaintiff will draft and file a Motion for Final Settlement Approval. Plaintiff will provide Defendants with a draft Motion for Final Approval. Defendants shall have 14 days to review and comment on the Motion for Final Approval, and Plaintiff will not unreasonably reject any changes proposed by Defendants.

H. <u>Payment Calculation:</u> Within 14 days after the end of the Notice and Objection Period, the Administrator will calculate amounts due to Class Members under the Agreement in light of the Court's Order on fees, expenses, and other amounts to be deducted from the Settlement and provide this calculation to Class Counsel and Defendants' Counsel. Class Counsel and/or Defendants' Counsel will promptly provide the Administrator with any corrections or changes to those calculations.

I.  Payment:  Defendants will make the entire payment described above within 31 days after the granting of Final Approval, unless an appeal of that Order was timely filed.  If an appeal is filed, Defendants will disburse the portion of the Settlement Amount that is not challenged on appeal to the Claims Administrator within 31 days after the Court's Order granting approval, and will disburse the portion of the Settlement Amount that is challenged on appeal after all appeals are exhausted and a final order by the highest court hearing such an appeal affirms the approval of the settlement.  In the event additional funds must be distributed to the Class Members once all appeals are exhausted, Class Counsel will pay any additional administrative costs associated with distributing those funds. The Claims Administrator will mail checks within 14 days of receiving the payment from Defendants.  Envelopes containing a settlement check will be marked on its face with the words "Local Cantina Settlement." The envelope with the check will contain a brief cover letter stating that the check constitutes the Class Member's share of the Settlement Fund and all relevant tax forms.

J.  Stipulation of Dismissal with Prejudice: Within 30 days of Defendants and/or the Administrator making the above payments, the Parties will submit a stipulation of dismissal with prejudice, without costs or fees. Notwithstanding the foregoing, the Court shall retain continuing jurisdiction over the Settlement.

K.  Undeliverable Class Member Checks: If any checks are returned to the Administrator as undeliverable with a forwarding address, the Administrator will forward the payment to the forwarding address. If any checks are returned as undeliverable without a forwarding address, the Administrator will attempt to use any reasonable means to obtain an updated address for the Class Member, such efforts including (but not necessarily limited to) running the Class Member's information through a skip-tracing, Change of Address, or other database, and/or contacting the Class Member directly to obtain an updated address. If the Administrator is able to obtain an updated address, the Administrator will forward the payment to the updated address.

**7.  Communication, Defendants' Option to Revoke, and Non-Approval**

A.  If 10% or more of the Class Members opt-out of this settlement, Defendants have the right to revoke the Agreement. If Defendants exercise this option, the Agreement will be rendered null and void.

B.  Defendants will not (1) encourage Class Members to opt-out or (2) contact any of the Class Members regarding the terms of this Settlement and/or a Class Member's participation in the Settlement. If any inquiry by a Class Member is directed at Defendants, Defendants will (1) tell the class member that they are not permitted to discuss the settlement with the class member and (2) direct the class member to call Class Counsel and provide contact information for Class Counsel. Acceptable contact information is:

Philip Krzeski

Biller & Kimble, LLC
8044 Montgomery Road, Suite 515
Cincinnati, OH 45236
(513) 715-8712
pkrzeski@billerkimble.com
billerkimble.com

8. **Notice under this Agreement shall be as follows:**

**Plaintiffs' Counsel:**
Philip Krzeski
Biller & Kimble, LLC
8044 Montgomery Road, Suite 515
Cincinnati, OH 45236
pkrzeski@billerkimble.com

**Defendants' Counsel:**
Michele Jakubs
Zashin & Rich
950 Main Ave., 4th Floor
Cleveland, OH 44113
mlj@zrlaw.com

Either party may modify their contact information for purposes of this section (*i.e.*, name, firm name, address, or email address) by providing written notice to the other party.

9. **Defendants' Option to Revoke and Effect of Failure to Grant Approval:**

In the event that either (1) Defendants exercise the above option to revoke the Agreement if 10% or more of the Class Members opt-out, or (2) the Court does not approve the Agreement, then the Agreement will be rendered null and void. The Parties will make a good faith effort to resolve the matter, including any particular issues raised by the Court regarding the Settlement Agreement. Absent a negotiated resolution, the Parties will revert to their respective positions prior to the Agreement being reached.

The Parties retain their right to seek reconsideration or appellate review of any aspects of the Court's Order denying approval of the Settlement Agreement in whole or in part.

10. **Other Terms**

    A. By entering into this Agreement, Defendants, Defendants' restaurants and Released Parties in no way admit to any violation of law or any liability whatsoever to Plaintiff or to the Class Members, all such liability being expressly denied. Defendants, Defendants'

restaurants and Released Parties deny and continue to deny the allegations in the Lawsuit and deny and continue to deny that they are liable or owe damages to anyone with respect to the alleged facts or causes of action asserted in the Lawsuit. Likewise, by entering into this Agreement, Defendants, Defendants' restaurants and Released Parties in no way admit to the suitability of this case for class or collective action treatment, other than for purposes of settlement.

B. No modifications or amendments to any of this Agreement's terms, conditions, or provisions may be made except by written agreement executed by all Parties. Any material changes will be subject to approval by the Court presiding over the Lawsuit.

C. This Agreement, including any exhibits, constitutes the entire agreement between the Parties, and all prior negotiations and understandings between the Parties shall be deemed merged into this Agreement.

D. This Agreement is written jointly by the Parties and may not be construed against any one party as the drafter. If any provision(s) of this Agreement are held to be illegal, invalid, or unenforceable under present or future laws, any such provision(s) will be curtailed and limited only to the extent necessary to bring it within the requirements of the law. In that event, the remainder of this Agreement will thereafter be construed and enforced as if the illegal, invalid, or unenforceable provision(s) had never comprised a part of the Agreement. The remaining provision(s) of the Agreement will continue in full force and effect and will not be affected by any illegal, invalid, or unenforceable provision(s) or by their severance. To the extent the releases contained in the Agreement are held to be illegal, invalid, or unenforceable, the Parties shall proceed as follows:

    i. The Lawsuit will resume unless: (a) a Party seeks reconsideration or appellate review of the decision denying approval of settlement, or (b) the Parties attempt to renegotiate the settlement and seek Court approval of the re-negotiated settlement.

    ii. In the event any reconsideration and/or appellate review is denied, the Parties shall have no further rights or obligations under this Agreement. The Agreement shall be void and the Parties shall revert to their position *status quo ante*.

E. The waiver by any party hereto of a breach of any provision of this Agreement will not operate or be construed as a waiver of any subsequent breach of any party, nor will any waiver operate or be construed as a rescission of this Agreement. No breach of this Agreement will permit the non-breaching party to repudiate the Agreement or refuse or fail to perform any obligations required hereunder.

F. Ohio law governs this Agreement's validity, construction, and enforceability. This Court shall retain exclusive jurisdiction to enforce the terms of this Agreement, and all Parties submit to the jurisdiction of the Court for purposes of implementing, interpreting, and enforcing the terms of the Agreement.

G. This Agreement may be executed by facsimile or electronically and in multiple counterparts, each of which will be deemed an original, but all of which together constitute one instrument.

H. The Parties agree to promptly take all actions reasonably necessary to effectuate this Agreement, including but not limited to motions to the Court for approval of the Agreement and continuance of any intervening deadlines contrary to those contemplated by the Agreement.

I. If any deadline under the Agreement falls on a Saturday, Sunday, or legal holiday, the Parties agree that the deadline will be deemed to be the next business day.

The undersigned hereby acknowledge and agree to all of the terms, conditions, and provisions of the above settlement agreement.

DATED: _September 21, 2021_, 2021  PLAINTIFF KELSEY SMITH, individually and on behalf of the Class Members

By:_____
   Kelsey Smith


DATED: _____, 2021  DEFENDANTS LOCAL CANTINA, LLC; LOCAL CANTINA GERMAN VILLAGE, LLC; LOCAL CANTINA CLINTONVILLE, LOCAL CANTINA CREEKSIDE LLC; LLC; LOCAL CANTINA DAYTON LLC; LOCAL CANTINA DRAGON LLC; LOCAL CANTINA DUBLIN LLC; LOCAL CANTINA GAHANNA LLC; LOCAL CANTINA GRANDVIEW LLC; LOCAL CANTINA GROVE CITY LLC; LOCAL CANTINA HILLIARD LLC; LOCAL CANTINA HOLDINGS LLC; LOCAL CANTINA II, LLC; LOCAL CANTINA NEW ALBANY LLC; LOCAL CANTINA POLARIS LLC; LOCAL CANTINA PROPERTIES LLC; LOCAL CANTINA ROSSI LLC; LOCAL CANTINA TROLLEY LLC; LOCAL CANTINA UNION CLUB LLC, 197 THURMAN AVE. LLC, on behalf of itself, Defendants' restaurants, Released Parties and the Related Entities as herein defined

Signature:_____

12

DATED: __10/7/21__, 2021

DEFENDANTS LOCAL CANTINA, LLC; LOCAL CANTINA GERMAN VILLAGE, LLC; LOCAL CANTINA CLINTONVILLE, LOCAL CANTINA CREEKSIDE LLC; LLC; LOCAL CANTINA DAYTON LLC; LOCAL CANTINA DRAGON LLC; LOCAL CANTINA DUBLIN LLC; LOCAL CANTINA GAHANNA LLC; LOCAL CANTINA GRANDVIEW LLC; LOCAL CANTINA GROVE CITY LLC; LOCAL CANTINA HILLIARD LLC; LOCAL CANTINA HOLDINGS LLC; LOCAL CANTINA II, LLC; LOCAL CANTINA NEW ALBANY LLC; LOCAL CANTINA POLARIS LLC; LOCAL CANTINA PROPERTIES LLC; LOCAL CANTINA ROSSI LLC; LOCAL CANTINA TROLLEY LLC; LOCAL CANTINA UNION CLUB LLC, 197 THURMAN AVE. LLC, on behalf of itself, Defendants' restaurants, Released Parties and the Related Entities as herein defined

Signature: _____

By: _____Jamie Romano_____

Their: _____CFO_____

DATED: __Oct. 6th__, 2021

DEFENDANT GEORGE TANCHEVSKI

By: _____
George Tanchevski

Exhibit 1

*Smith v. Local Cantina, LLC, et al.*, Case No. 2:20-cv-3064
The United States District Court for the Southern District of Ohio

---

Notice of Class Action Settlement

---

To:   All tipped workers who work or worked at the Local Cantina restaurants, South Village Grille, Jonys Sushi, The Rossi, Somewhere in Particular, Golden Opportunity, SIP Local, Local Bar, Cantina Cap.Short North, and Old Skool from June 15, 2017 through June 29, 2020.

**You are receiving this Notice in connection with the above-referenced lawsuit because records show that you previously worked for Defendants as a server or bartender ("tipped worker"). This notice explains the settlement of this lawsuit and your options.**

### 1. Introduction

On June 15, 2020, Kelsey Smith filed a lawsuit against Local Cantina restaurants, South Village Grille, Jonys Sushi, The Rossi, , Somewhere in Particular, Golden Opportunity, SIP Local, Local Bar, Cantina Cap.Short North, and Old Skool. She alleges that the Defendants:

(1) From March 17, 2020 to June 22, 2020, Plaintiff alleges that Defendants denied tipped workers overtime wages for hours worked in excess of 40 hours per week, and instead paid the tipped workers a salary of $1,000 per week in violation of federal and state law;

(2) From March 17, 2020 to June 22, 2020, Plaintiff alleges that Defendants retained all tips received by tipped workers in violation of federal and state law;

(3) From June 15, 2017 to March 16, 2020, and from June 23, 2020 to July 29, 2020, Plaintiff alleges Defendants miscalculated the overtime wages paid to tipped workers in violation of federal and state law; and

(4) From June 15, 2017 to March 16, 2020, and from June 23, 2020 to July 29, 2020, Plaintiff alleges that Defendants retained tips received by tipped workers on online to-go orders.

Defendants deny these allegations and claims, assert that they did not violate any wage and hour laws, and deny that any damages are owed.

The parties have agreed to settle these four claims (and no other claims) on behalf of Ms. Smith and Defendants' other tipped workers. Ms. Smith's principal reason for entering into the settlement agreement is that it provides a substantial cash benefit to the class of tipped workers without the risks or delays of further litigation. The cash benefit provided under the Settlement must be balanced against the risk of a smaller recovery—or, indeed, no recovery at all—if this lawsuit proceeds, which includes the likelihood of appeals that could last many months, or even years, into the future. Defendants are entering in this Settlement to avoid the risk, uncertainty, burden, and expense of further litigation.

## 2. The Settlement's Monetary Terms

Under the Settlement, which the Court has preliminarily approved, Defendants agree to pay $630,000.00 (the "Settlement Fund") to resolve all of the claims raised in the lawsuit, specifically, the four claims identified above. The parties have expressly not released any other claims related to their employment that Class Members might have against Defendants other than the four claims identified in Section 1 above.

After deducting attorneys' fees, costs, and service awards, the settlement will be distributed to the Class Members as follows:

First, for purposes of calculating their *pro rata* share of the Settlement, each Class Member who returned a Consent to Join Form before August 6, 2021 will have their hours counted at 1.5×.

Second, all Class Members who worked for Defendants between June 15, 2017 and March 16, 2020 and between June 23, 2020 and July 29, 2020 will share $10,000 in proportion to the number of hours they worked during this time period. This portion of the Settlement is intended to provide consideration for the allegation (which Defendants deny) that Defendants retained employee tips left on online to-go orders during this time period.

Third, all Class Members who worked for Defendants between June 15, 2017 and March 16, 2020 and between June 23, 2020 and July 29, 2020 will share $25,000 in proportion to the number of overtime hours they worked during this time period. This portion of the Settlement is intended to provide consideration for the allegation (which Defendants deny) that Defendants failed to pay overtime at the proper overtime rate during this time period.

Fourth, all Class Members who worked for Defendants between March 17, 2020 and June 22, 2020 will share the remainder of the Settlement Fund, approximately [fill after gathering admin costs, litigation costs] in proportion to the number of shifts they worked during this time period. This portion of the Settlement is intended to provide consider for the allegation (which Defendants deny) that Defendants improperly denied tipped workers overtime wages and improperly retained tipped workers' tips during this time period.

For tax purposes, half (1/2) of each Class Member's award will be treated as wages, from which taxes and withholdings will be taken. The other half (1/2) of each Class Member's award will be treated as damages, for which the Class Members will receive an IRS Form 1099.

Class Members will have 180 days to cash or negotiate their checks.

## 3. What are my options?

You have the following options:

| Action You Can Take | Details |
|---|---|

| | |
|---|---|
| **Do nothing.** | If you do nothing, you will receive your share of the Settlement as described in the previous section. |
| **Opt Out from the settlement by [60 days from the date of mailing]** | If you opt out of the Settlement, you waive any benefits due to you under the Settlement. You will not, however, release any of your claims and can pursue your own individual claims against Defendants relating to the claims raised in this Lawsuit. To opt out, you can timely and properly submit an Opt-Out Notice described below. |
| **Object to the settlement by [60 days from the date of mailing].** | If you object to the proposed Settlement, in whole or in part, you may write to the Court and explain why you object. You cannot object to the Settlement unless you are a Class Member and you did not previously submit a request to opt out from the Settlement. If you object to the Settlement, you must file a written objection with the Clerk of Court's Office as described below. If you submit a written objection by _____, 2021, you may (but do not have to) attend the Settlement Fairness Hearing and, at the discretion of the Court, may speak to the Court about your objection. |

### 4. Can my employer retaliate against me if I take part in the case?

**The law strictly forbids any employer from retaliating against you for participating in the Lawsuit or cashing your check**. Retaliation is illegal, and you could be entitled to additional money should a court determine that the Defendants took adverse action against you because you joined this lawsuit or cashed your check. If you experience any retaliation, you should report it immediately to Class Counsel (identified below) or another attorney of your choice.

### 5. What claims are released?

Each Class Member who does not opt out of the settlement will release Defendants from only the claims raised in this lawsuit and no other claims. The claims released are: claims for alleged unlawful retention of employee tips from March 17, 2020 to June 22, 2020; all claims for alleged unpaid overtime wages for hours worked from March 17, 2020 to June 22, 2020; all claims for alleged unpaid overtime wages for hours worked from June 15, 2017 to March 16, 2020 and from June 23, 2020 to July 29, 2020; and all claims for misappropriated tips or tip credit differential based on the allegation that Defendants unlawfully retained employee tips left on online to-go orders from June 15, 2017 to March 16, 2020 and from June 23, 2020 to July 29, 2020, including any liquidated damages, statutory damages, civil damages, exemplary damages, punitive damages, penalties, interest, and attorneys' fees and expenses related thereto pursuant to the FLSA and Ohio law.

### 6. How do I opt-out of the settlement?

You can opt out of the settlement by requesting to be excluded from the settlement. You must do so in writing, no later than 60 days after the Claim Forms were mailed, which was _____. The request must include the following: (1) the Class Member's name, (2) the Class Member's signature, (3) the date signed, (4) a statement to the effect of "I wish to opt out of the settlement in *Smith v. Local Cantina, LLC*" and (5) a statement to the effect of "I understand that by opting out, I will receive no benefits from this settlement." You should mail the request to either Class Counsel or the Claims Administrator. Their addresses are below.

A Class Member who submits an Opt-Out Notice is not eligible to receive a share of the Settlement and will not release any claims.

You should be aware that Fair Labor Standards Act claims are limited to a two- or three-year statute of limitations, Ohio Constitution minimum wage claims are limited to a three-year statute of limitations, and Ohio overtime claims are limited to a two-year statute of limitations, and proceeding separately, may result in some or all of your claims expiring as a matter of law. If you pursue your claims elsewhere, you may be awarded a lesser amount than your award in this settlement, a greater amount than your award, or $0.

| **7. How do I object to the Settlement?** |
| --- |

Class Members may also object to the Settlement in whole or in part. Objections must be made in writing and filed, together with copies of all papers and briefs supporting the objection, with the Clerk of Court on or before _____. You must also serve the papers on Class Counsel and Defendants' Counsel at the addresses below so that the papers are ***received*** on or before _____.

| Clerk of Court | Class Counsel | Defendants' Counsel |
| --- | --- | --- |
| United States District Court for the Southern District of Ohio Joseph P. Kinneary U.S. Courthouse Room 121 85 Marconi Boulevard Columbus, Ohio 43215 | Philip Krzeski Biller & Kimble, LLC 8044 Montgomery Road, Suite 515 Cincinnati, OH 45236 settlement@billerkimble.com (513) 202-0710 | Michele Jakubs Zashin & Rich 950 Main Ave., 4th Floor Cleveland, OH 44113 mlj@zrlaw.com |

The objection must include a written statement (1) objecting to the settlement, (2) setting forth the specific reasons for the objection, including any legal or evidentiary support for the objection, (3) stating whether the Class Member intends to appear and object to the settlement at the Final Approval Hearing, and (4) containing the Class Member's name, address, and telephone number. The Class Member must sign and date the objection. The objection must include documents sufficient to prove the objector's membership in the Class, such as proof of employment. If you do not comply with these requirements, you *waive your right to object* to the settlement and/or appear at the Settlement Fairness Hearing.

Persons who intend to object and desire to present evidence at the Settlement Fairness Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing. Such persons may be heard orally at the discretion of the Court.

You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Fairness Hearing. However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Class Counsel and Defendants' Counsel at the addresses set forth above so that the notice is **_received_** on or before _____. The Settlement Fairness Hearing may be adjourned by the Court without further written notice to the Class. Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement.

| **8.   Do I have a lawyer in this case?** |
| --- |

Plaintiffs and the Class Members class are represented by Andrew Biller, Andrew Kimble, and Philip Krzeski of Biller & Kimble, LLC, 8044 Montgomery Road, Suite 515, Cincinnati, OH 45236.

| **9.   How will the lawyers be paid? How will costs be paid?** |
| --- |

Class Counsel has prosecuted this lawsuit since June 15, 2020, and has not received payment of any attorneys' fees or expenses incurred in representing the Class. Per Class Counsel's representation agreement with Ms. Smith and under the terms of the Settlement Agreement, Class Counsel has asked that the Court award them 1/3 of the Settlement Fund allocated to Class Members ($210,000) in attorneys' fees plus all advanced legal expenses. Class Counsel will seek a service and incentive award of up to $10,000 for Ms. Smith, for her service as class representative. These amounts will be deducted from and paid out of the Settlement Fund. The Court has preliminarily approved these attorneys' fee, costs, costs of administration, and service award amounts.

| **10. When and where will the Court decide whether to approve the Settlement?** |
| --- |

The Court will determine whether to approve this Settlement. To do so, the Court will conduct a Settlement Fairness Hearing on _____ at the United States District Court for the Southern District of Ohio Joseph P. Kinneary U.S. Courthouse, 85 Marconi Boulevard, Courtroom _____, Columbus, Ohio 43215, before the Honorable Judge James L. Graham. Although you may attend this hearing, you do **_not_** need to attend this hearing in order to participate in the Settlement. At the hearing, the Court will determine:

(a) Whether the proposed settlement is fair, reasonable, and adequate;
(b) Whether the lawsuit should be dismissed with prejudice;
(c) Whether Class Counsel's request for an award of attorney's fees and expenses should be finally approved; and
(d) Any other relief that the Court deems necessary.

The Court may approve the Settlement and/or any other related matter at or after the Settlement Fairness Hearing without further notice to Class Members.

***

**Please Direct Any Questions Regarding this Notice to the Claims Administrator or Class Counsel:**

| Claims Administrator | Class Counsel |
|---|---|
| Atticus Administration, LLC | Phil Krzeski |
| 1250 Northland Drive Suite | Biller & Kimble, LLC |
| 240 Mendota Heights MN | 8044 Montgomery Road |
| 55120 | Suite 515 |
| [Phone] | Cincinnati, OH 45236 |
| [Email] | (513) 202-0710 |
| | settlement@billerkimble.com |

| **11. Please keep your address current.** |
|---|

If you do not Opt Out, you will be mailed a check for your portion of the Settlement Fund. For that reason, it is important that you keep your mailing address current. If your mailing address changes, please inform the Claims Administrator or Class Counsel.

**EMAIL TO PUTATIVE CLASS MEMBERS**

**Subject:**   **Notice of Class Action Settlement Related to a Lawsuit Against Local Cantina restaurants, South Village Grille, Jonys Sushi, The Rossi, Somewhere in Particular, Golden Opportunity, SIP Local, Local Bar, Cantina Cap, Short North, and Old Skool**

Dear Server or Bartender:

I represent current and former servers and bartenders at the Local Cantina restaurants, South Village Grille, Jonys Sushi, The Rossi, Somewhere in Particular, Golden Opportunity, SIP Local, Local Bar, Cantina Cap, Short North, and Old Skool in a lawsuit seeking unpaid wages. You are receiving this e-mail because Defendants' records indicate that you are eligible to participate in a settlement of this lawsuit and your rights may be affected.

Click this link—[link]—to view the Notice regarding the settlement, preliminarily approved by the Court. You should also be receiving a copy of the same information via U.S. mail.

If you have any questions, please feel free to contact me at (513) 202-0710 or by e-mail at settlement@billerkimble.com.

Philip Krzeski
*Attorney at Law*

**Philip Krzeski**

**[Signature Block]**

This information is intended for the use of the individual or entity that is the intended recipient. If you are not the designated recipient, please be aware that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this electronic transmission in error, please notify me by telephone (513-202-0710) or by electronic mail (pkrzeski@billerkimble.com) and promptly destroy the original transmission. Thank you for your assistance.

Exhibit 2

## SUPPLEMENTAL SETTLEMENT AGREEMENT AND RELEASE

This Supplemental Settlement Agreement and Release ("Agreement") is entered into by and between named Plaintiff Kelsey Smith ("Smith"), on the one hand, and Defendants Local Cantina, LLC; Local Cantina German Village, LLC; Local Cantina Clintonville, Local Cantina Creekside LLC; LLC; Local Cantina Dayton LLC; Local Cantina Dragon LLC; Local Cantina Dublin LLC; Local Cantina Gahanna LLC; Local Cantina Grandview LLC; Local Cantina Grove City LLC; Local Cantina Hilliard LLC; Local Cantina Holdings LLC; Local Cantina II, LLC; Local Cantina New Albany LLC; Local Cantina Polaris LLC; Local Cantina Properties LLC; Local Cantina Rossi LLC; Local Cantina Trolley LLC; Local Cantina Union Club LLC; 197 Thurman Ave. LLC; George Tanchevski (collectively "Defendants"),[1] on the other (Smith and Defendants, together, "Parties").

1.      **Purpose:** This Supplemental Settlement Agreement and Release supplements and incorporates the Settlement and Release Agreement to be executed by the Parties and filed with the Court in the matter of *Smith v. Local Cantina, LLC, et al.*, identified as Case No. 2:20-cv-3064, and venued in the United States District Court for the Southern District of Ohio ("Lawsuit"). The purpose of this Agreement is to fully and conclusively resolve and settle **all** matters and claims Smith could assert against Defendants and Defendants' restaurants and its/their current or former parents, subsidiaries, affiliates, divisions, predecessors, successors, subrogees, assigns, franchisors, benefit plans and related companies (including any entity which Smith may allege jointly employed her), and each and all of their current or former agents, officers, directors, shareholders, owners, holding companies, investors, members, employees, representatives, managers, attorneys, successors, predecessors, administrators, heirs, executors, trustees, assigns and insurers, and all persons acting by, through, under or in concert with any of them, and each of them ("Released Parties"), including, but not limited to, any claims for relief that were made or could have been made by Smith in the Lawsuit. It is a further and equal purpose of this Agreement to resolve **any and all** disputes, controversies, or claims, that Smith may have against Defendants, Defendants' restaurants and Released Parties, which arise out of facts or circumstances occurring in whole or in part on or before the effective date of this Agreement, whether facts regarding any such claims are presently known or unknown, and regardless of whether same may be claimed to exist under current or future laws or interpretation of law.

2.      **Opportunity to Negotiate, Consider and Consult with Counsel:** The terms of this Agreement are the product of negotiations between the parties hereto, and the Parties stipulate that the consideration given to support the obligations of this Agreement is the full consideration agreed to, and that neither has received any other promises, inducements, or concessions in support of the duties imposed. In executing this Agreement, Smith has not relied on any representation, compromise, conduct or action made by or on behalf of Defendants or Defendants' attorneys. Smith acknowledges that she has obtained the advice of competent counsel regarding this Agreement and agrees that she has been given a reasonable period of time within which to consider this Agreement. Smith and Defendants confirm that they have had this Agreement explained to them by their respective attorneys, they are relying on their own judgment and on the advice of

---

[1] The defined terms included in the Settlement and Release Agreement executed by the parties are incorporated by reference.

their respective attorneys in executing this Agreement, and each confirms their competence to understand and does hereby accept the terms and conditions of the Agreement.

**3.** **No Admission of Liability:** The Parties stipulate and agree that entry into this Agreement does not constitute, for any purpose whatsoever, either directly or indirectly, an admission of any liability, wrongdoing or unlawful conduct whatsoever, whether by omission or commission, by or on the part of any Party, and that Defendants, Defendants' restaurants and Released Parties expressly deny any such liability and conduct.

**4.** **Consideration:** The consideration given to Smith under this Agreement and the Settlement and Release Agreement in the Lawsuit consists of payment to Smith of Ten Thousand Dollars and Zero Cents ($10,000.00) as a service payment as set forth in the Settlement and Release Agreement in the Lawsuit. The consideration given by Smith to Defendants in support of this Agreement consists of full performance of each and every one of the respective material obligations described in this Agreement.

**5.** **Release of Defendants:** For and in consideration of the required acts and promises set forth in the text of this Agreement, Smith, for herself and her heirs, assigns, executors, administrators, agents, successors in interest, and legal representatives, hereby knowingly and voluntarily releases and forever discharges Defendants, Defendants' restaurants and Released Parties from any and all claims, demands, causes of action, complaints, rights, actions, remedies, suits, or charges, known or unknown, asserted or unasserted, of any kind or character, in tort, in contract, or under any other law or statute whatsoever, accrued to date, which Smith has or might have as a result of, or in any way connected with Smith's employment or separation of employment with Defendants, Defendants' restaurants and Released Parties, including but not limited to (a) all matters arising out of or related to Smith's employment with and separation of employment from Defendants, Defendants' restaurants and/or any of the Released Parties; (b) all matters arising out of Smith's relationship or dealings with any current or former executives, supervisors, managers, board members, and/or any and all other employees or agents of Defendants, Defendants' restaurants and/or any of the Released Parties; (c) all claims for discrimination, interference, hostile work environment, whistleblower, public policy wrongful discharge, and/or retaliation; (d) all claims under any local, state, or federal statute, constitution, ordinance, regulation, or the common law, such as, without any limitation whatsoever, claims under: Ohio Revised Code Chapters 4111, 4112, 4113, and 4123.90; the Fair Labor Standards Act, Title VII of the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1866 and 1871, the Americans With Disabilities Act, the Employee Retirement Income Security Act of 1974, as amended, The Consolidated Omnibus Budget Reconciliation Act of 1985, as amended ("COBRA"), the Family and Medical Leave Act, the Pregnancy Discrimination Act, the Equal Pay Act of 1973, the Rehabilitation Act of 1973, the Occupational Safety and Health Act, the Immigration Reform and Control Act, the Age Discrimination in Employment Act, the Older Workers Benefit Protection Act, the Civil Rights Act of 1991, 42 U.S.C. § 1981, the Worker Adjustment and Retraining Notification Act of 1988, the National Labor Relations Act, Section 34a of Article II of the Ohio Constitution, the Ohio Minimum Fair Wage Standards Act, the Constitutions of the United States and the State of Ohio; and other local, state or federal laws, including but not limited to, those relating to discrimination, harassment, retaliation, denial or termination of any health benefit or benefits of any other kind, or any claims of breach or violation of public policy, any claims arising

under the Federal or any state constitution, wrongful or constructive discharge, retaliatory discharge, breach of contract, any and all claims or rights under federal, state or local laws, regulations or ordinances relating to the payment of wages, bonuses, overtime, vacation pay, incentives and other compensation to employees (including under the Fair Labor Standards Act 29 U.S.C. § 201, *et seq.*), severance pay claims, promissory estoppel, fraud, fraudulent misrepresentation or concealment, retaliation, breach of the covenant of good faith and fair dealing, intentional and/or negligent infliction of emotional distress, outrageous conduct, interference with prospective business advantage, negligence, negligent misrepresentation or concealment, wrongful or bad faith termination, defamation and other business or personal injury, or any other claims or rights to damages, whether contractual, liquidated, compensatory, exemplary, or punitive, or rights to or claims for injunctive or equitable relief, or rights to or claims for expenses, costs, fees, attorneys' fees, and all losses of any kind whatsoever, accrued to date, which Smith has or might have by virtue of any fact(s), act(s) or event(s) occurring prior to the effective date of this Agreement, to the extent permitted by law. By signing this Agreement, Smith promises, covenants and agrees, to the fullest extent permitted by law, that she will never commence, prosecute or cause to be commenced or prosecuted, any action or other proceeding based upon any claims, demands, causes of actions, obligations, damages or liabilities which are released by this Agreement. Smith acknowledges and agrees that, except as expressly limited in this release, this release releases and precludes any claims of which she is not now aware and of which she may only become aware at some later date. Nevertheless, Smith fully and freely intends to and does, by executing this Agreement, release any such claims. Notwithstanding the above, nothing in this release is intended to release or waive rights to any claim or right which cannot be waived by law, including all claims arising after the effective date of this Agreement; the right to file a charge with or participate in an investigation conducted by an administrative agency; the right to enforce this Agreement; any right to COBRA benefits, unemployment insurance benefits, or vested retirement benefits; nor any existing rights of defense and indemnity or liability insurance coverage.

**7.**     **Acknowledgment of Receipt of All Payment Owed:** Subject to the terms of the Settlement and Release Agreement simultaneously executed herewith, Smith agrees and acknowledges that she has received in exchange for a release of any claims for all salary, wages, commissions, Paid Time Off (PTO), paid sick leave, overtime payments, mileage reimbursements, business expense reimbursements, liquidated damages, employee benefits and statutory benefits to which Smith was and/or is entitled as a result of Smith's employment with Defendants, Defendants' restaurants and Released Parties, and specifically waives, releases and discharges any right or entitlement she may have to any further compensation or other payments from Defendants, Defendants' restaurants and Released Parties, except as set forth in this Agreement.

**8.**     **Attorneys' Fees:** Subject only to the application for attorneys' fees as set forth in the Settlement and Release Agreement in connection with the Lawsuit, Smith expressly acknowledges and agrees that she alone is responsible and liable for paying any and all attorneys' fees and related costs and disbursements she has incurred in connection with (i) her prior employment relationship with Defendants, Defendants' restaurants and Released Parties and the termination of that relationship, (ii) the claims she has asserted or alleged or could have asserted or alleged against Defendants, Defendants' restaurants and Released Parties, and (iii) the negotiation and drafting of this Agreement, and that Defendants, Defendants' restaurants and Released Parties have no responsibility or obligation whatsoever to pay any such attorneys' fees, costs or disbursements.

9.    **Medicare Reporting Requirements:** The Parties have considered Medicare's interest in this matter, if any, and Smith declares and expressly warrants that she is not Medicare eligible nor within thirty (30) months of becoming Medicare eligible; is not 65 years of age or older; is not suffering from end stage renal failure; has not received Social Security benefits for 24 months or longer; and has not applied for Social Security disability benefits, and/or has not been denied Social Security disability benefits and appealing the denial; and therefore, no Medicare Set Aside Allocation is being established. Smith attests that the claims released herein are not related to any illness or injury for which Smith would apply or receive Medicare benefits. Smith understands that she is required by law to disclose this information to Defendants, Defendants' restaurants and Released Parties and its/their attorneys in connection with this Agreement. Smith understands that failure to do so may result in penalties being assessed against Smith, the Parties, and attorneys. Smith declares and warrants that she is aware of the requirements of the Medicare Secondary Payer Act ("MSP"), and Smith understands that Medicare has an interest in recovering any benefits paid when it is used as a source of secondary payment. Smith therefore agrees to release, hold harmless, and indemnify Defendants, Defendants' restaurants and Released Parties from any remedies, reprisals, or penalties that result from Smith's failure to disclose or release Smith's status as a Medicare beneficiary. In the event that any of the above information provided by Smith is false or in any way incorrect, Smith shall be solely liable for any and all actions, causes of actions, penalties, claims, costs, services, compensation or the like resulting from these inaccuracies. Smith acknowledges that Medicare may require her to exhaust the payment in Paragraph 4 on Medicare covered expenses should she become Medicare eligible within thirty (30) months. Smith waives any claims for damages, including a private cause of action provided in the MSP, 42 U.S.C. Section 1395(b)(3)(A), should Medicare deny coverage for any reason, including the failure to establish a set aside allocation to protect Medicare's interest.

10.   **Knowing And Voluntary Agreement:** The Parties to this Agreement acknowledge and agree that each of them has had a full opportunity to carefully review the terms and provisions of this Agreement and to review the Agreement with their own attorney, that to the extent they wanted to talk to an attorney about this Agreement they have availed themselves of that right, and that each of them enters into this Agreement after appropriate investigation and consideration of the meaning and effect of the terms of this Agreement and without reliance upon any representation of any other Party to this Agreement, other than those specifically set out herein, and that they understand this Agreement constitutes a final and complete release of all claims against the Party released, regardless of their kind or character, including any possible claim which might be discovered in the future. By executing this Agreement, the Parties represent and agree that they have carefully read and fully understand all the provisions of this Agreement, and that they are knowingly and voluntarily entering into this Agreement.

11.   **Remedies Upon Breach:** The Parties acknowledge and agree that, in the event of a breach of any of the terms or provisions of this Agreement, nothing in this Agreement shall be construed to preclude or limit any Party from asserting claims or filing a lawsuit for the purpose of: (a) recovering moneys paid under this Agreement; (b) enforcing rights under this Agreement; or (c) pursuing any other rights and remedies available under law, including equitable relief, injunctive relief, and damages.

**12.**     **Interpretation Of Agreement:** The Parties to this Agreement acknowledge and agree that: (a) this Agreement and its reduction to final written form are the result of good faith negotiations between the Parties through their respective counsel; (b) said counsel have carefully reviewed and examined this Agreement before execution by said Parties, or any of them; and (c) any statute or rule of construction that ambiguities are to be resolved against the drafting Party shall not be employed in the interpretation of this Agreement.

**13.**     **Assignability And Binding Effect:** This Agreement, and all the provisions contained herein, shall inure to the benefit of and shall be binding upon the heirs, executors, administrators, successors and legal representatives of Smith, and shall inure to the benefit of and be binding upon Defendants, Defendants' restaurants and Released Parties and its/their respective successors and assigns. This Agreement may be transferred or assigned by Defendants, Defendants' restaurants and Released Parties. The obligations of Smith under this Agreement may not be delegated and Smith may not assign, transfer, or otherwise convey or dispose of this Agreement, or any of its rights hereunder, and any such attempted delegation, assignment or disposition by Smith shall be null, void, and without effect.

**14.**     **No Changes to Agreement:** No modifications or amendments to any of the terms, conditions, or provisions of this Agreement and the incorporated Settlement and Release Agreement may be made except by a written agreement executed by all Parties hereto.

**15.**     **Ownership of Claims:** Smith represents and warrants that Smith has not sold, assigned, transferred, conveyed or otherwise disposed of to any third party, by operation of law or otherwise, any action, cause of action, debt, obligation, contract, agreement, covenant, guarantee, judgment, damage, claim, counterclaim, liability, or demand of any nature whatsoever, relating to any matter covered by this Agreement.

**16.**     **Governing Law:** This Agreement, and any disputes arising under or in connection with it shall be governed, construed and enforced in accordance with the laws of the Ohio, without regard to conflict of law principles.

**17.**     **Multiple Originals:** This Agreement is executed in multiple counterparts, each of which shall be deemed an original, but all of which together shall constitute one instrument. Electronic or fax revisions shall be deemed originals.


DATED: ___September 21, 2021___, 2021          PLAINTIFF KELSEY SMITH

                                                              By: _____

                                                                        Kelsey Smith

DATED: _____, 2021    DEFENDANTS LOCAL CANTINA, LLC; LOCAL CANTINA GERMAN VILLAGE, LLC; LOCAL CANTINA CLINTONVILLE, LOCAL CANTINA CREEKSIDE LLC; LLC; LOCAL CANTINA DAYTON LLC; LOCAL CANTINA DRAGON LLC; LOCAL CANTINA DUBLIN LLC; LOCAL CANTINA GAHANNA LLC; LOCAL CANTINA GRANDVIEW LLC; LOCAL CANTINA GROVE CITY LLC; LOCAL CANTINA HILLIARD LLC; LOCAL CANTINA HOLDINGS LLC; LOCAL CANTINA II, LLC; LOCAL CANTINA NEW ALBANY LLC; LOCAL CANTINA POLARIS LLC; LOCAL CANTINA PROPERTIES LLC; LOCAL CANTINA ROSSI LLC; LOCAL CANTINA TROLLEY LLC; LOCAL CANTINA UNION CLUB LLC, 197 THURMAN AVE. LLC, on behalf of itself, Defendants' restaurants, Released Parties and the Related Entities as herein defined

Signature:_____

By:_____

Their:_____

DATED: _____, 2021    DEFENDANT GEORGE TANCHEVSKI

By:_____
        George Tanchevski