# Exhibit 1

In the United States District Court
for the Southern District of Ohio
Eastern Division

| | |
|---|---|
| Kelsey Smith,<br><br>*On behalf of herself and those similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>Local Cantina, LLC, *et al.*,<br><br>Defendants. | Case 2:20-cv-03064<br><br>Judge James L. Graham<br><br>Magistrate Judge Kimberly A. Jolson |

Andrew Biller Declaration in Support of
Plaintiff's Unopposed Motion for Final Settlement Approval

I, Andrew Biller, hereby declare under penalty of perjury and pursuant to 28 U.S.C. § 1746, as follows,

1. I make this declaration in support of Plaintiff's Unopposed Motion for Final Settlement Approval. I am familiar with the facts set forth herein, and, if called to do so, I could testify competently to them.

2. I am a partner of Biller & Kimble, LLC.

3. Our firm originally brought this case on behalf of Kelsey Smith. Ms. Smith was a bartender at a Local Cantina restaurant owned and operated by Defendants. The putative class members were tipped employees at Defendants' 17 Ohio restaurant locations. Plaintiff alleges that Defendants' illegally retained tips received by tipped employees and denied time-and-a-half overtime wages to tipped employees. Plaintiff's lawsuit also alleged that Defendants miscalculated

2

the overtime wages paid to tipped employees and illegally retained tips left on online food orders between June 15, 2017 and March 16, 2020 and between June 23, 2020 to July 29, 2020. Plaintiff alleged that these practices violated the Fair Labor Standards Act and state law.

4. Soon after filing this case, Plaintiff moved for class and collective certification in their Motion to Send Notice of this Action to Similarly Situated Employees shortly. Doc. 6. Defendants did not oppose this motion, and the parties then later jointly asked the court to stay the case in order to allow the parties to discuss settlement, to toll the statute of limitations for putative opt in plaintiffs during the pendency of the stay, and to approve of the parties' proposed form of FLSA collective action notice in the event the parties' negotiations failed. Doc. 12. On August 5, 2020, the Court granted the parties' Joint Motion to Stay. Doc. 13. The Court granted the parties' Joint Motion to Stay on August 5, 2020. Doc. 13.

5. During this stay in the case, the parties made multiple attempts to settle the case, including a mediation with a professional mediator and additional settlement discussions. The mediation occurred March 10, 2021, with Steven Watring, a respected mediator in this District, in Columbus, Ohio. This mediation did not result in an agreement, and litigation thus proceeded with Plaintiff sending collective action notice and commencing class discovery.

6. The parties reached a settlement in early July 2021 as discovery was getting underway. This settlement resolves Plaintiff's claims for illegal tip retention during the post-Covid period, unpaid overtime during the post-Covid period, unpaid overtime during the pre-Covid period, and illegal tip retention on online orders during the pre-Covid period.

7. This settlement was a result of substantial investigation, data analysis, arm's length negotiations, and contested litigation. Defendants produced comprehensive time and payroll

records for the post-COVID 19 Period and additional relevant data. The data we received and reviewed was sufficient for us to gauge the case's strengths, weaknesses, and potential damages. Given the risk of going forward, I believe this settlement represents a good result for the class members.

8. As it stands, the Settlement Agreement creates a fund of $630,000. While this is a discount on Plaintiffs' total possible damages, the settlement is a fair compromise of contested claims. Everyone will be paid out of the settlement fund unless they object or opt out. No one has objected. No one opted out of the settlement. Thus, this settlement will provide relief to all of the class members.

9. Pursuant to the Settlement Agreement, the parties retained a Settlement Administrator, Atticus Administration, LLC (the "Administrator") to distribute the Notice of Settlement and the Settlement Fund.

10. According to the Administrator, notice was sent to 788 class members by U.S. Mail. Notice was also sent to 762 of those by email. Mail was returned as undeliverable for 165 of them, none of which had a forwarding address. Atticus was able to obtain 141 additional addresses through skip tracing. Thus, only 36 out of the 788 notices were undeliverable. No class member objected, and no class member opted out.

11. Our firm agreed to represent Plaintiff under a contingency fee arrangement, and we have not received any compensation for work we have performed to date or reimbursement for any expenses.

12. As part of their normal practice, Plaintiffs' Counsel creates and maintains contemporaneous records of their billable time worked on cases, including this one. Based on the

information from counsels' records, as of March 18, 2022, Biller & Kimble, LLC's attorneys and staff worked 442.5 hours on this case. In total, the cumulative lodestar of Biller & Kimble is currently approximately $126,755. The break down by timekeeper is as follows:

| Timekeeper | Rate | Hours | Lodestar |
|---|---|---|---|
| Andy Biller | $600.00 Per Hour | 15.4 | $9,240 |
| Andrew Kimble | $550.00 Per Hour | 49.2 | $27,060 |
| Samuel Elswick, Jr. | $250.00 Per Hour | 46.6 | $11,650 |
| Riley Kane | $250.00 Per Hour | .5 | $125 |
| Phillip Krzeski | $350.00 Per Hour | 139.9 | $48,965 |
| Nathan Spencer | $350.00 Per Hour | 5.3 | $1,855 |
| Erica Blankenship | $350.00 Per Hour | .1 | $35 |
| BK Paralegal | $150.00 Per Hour | 185.5 | $27,825 |
| Totals | | 442.5 | $126,755 |

I believe that the time spent on this case, given its size, complexity, and nature is reasonable. We can make our detailed task-by-task billing records available. To do so, however, would require a substantial investment of time to review those records, redact where appropriate, and edit if needed (*i.e.*, correct misspellings, grammar errors, etc., and provide any necessary clarifications).

13. Biller & Kimble, LLC has expended thousands of hours on similar wage and hour cases that informed our representation of Plaintiffs here. *Mullins v. Southern Ohio Pizza, Inc.*, No. 1:17-cv-426, 2019 WL 275711, *15 (S.D. Ohio Jan. 18, 2019).

14. After the submission of this Declaration, our firm's work on this case will continue. In my experience, the post-settlement approval work can be significant. We will oversee the distribution of settlement payments under the terms of the Settlement Agreement. We will also continue to communicate with Class Members about the status of the Settlement. It is common for class members to call with questions and ask us to resolve issues with delivering their checks.

15. To date, our firm has incurred $7,957.65 in litigation costs. The expenses are itemized below:

| Date | Expense | Amount |
|---|---|---|
| 08/04/2020 | Initial filing fee – SD of Ohio | $400 |
| 8/4/2020 | Service of Process Costs | $1,307.40 |
| 03/11/2021 | Parking for Andrew Kimble for Mediation | $12.00 |
| 05/26/2021 | Class Certification Notice | $3,050.00 |
| 11/03/2021 | Mediator's fee (plaintiff's half) | $3,188.25 |
| Total | | **$7,957.65** |

These costs were reasonable expenditures incurred to advance the class's interests.

16. In addition, the claims administrator, Atticus Administration, LLC, estimates that it will incur a total of $14,452.00. to administer the settlement. These costs are reasonable considering settlement administration requires the sending of a Notice of Settlement to over 750 class members and the calculation and distribution of settlement awards to all class members.

17. My hourly rate is $600. I believe that this rate is reasonable because of my years of experience, complexity of the practice area, expertise in this type of case, and my track record of success in wage and hour litigation. Courts in the Southern District of Ohio have approved my rate of $600 as reasonable in past wage and hour cases. *See, e.g., Neal v. Hallsons v. Leb., Inc.*, 2022 U.S. Dist. LEXIS 42664, at *3 (S.D. Ohio Mar. 2, 2022) (noting rates of $600 for me, $550 for Andrew Kimbe, $350 for Philip Krzeski, and $150 for support staff, and holding "These rates have been found reasonable for these attorneys in a number of other cases."); *see also Brandenburg v. Cousin Vinny's Pizza*, No. 3:16-cv-516, 2019 U.S. Dist. LEXIS 204371, *17 (S.D. Ohio Nov. 25, 2019) (same).

18. Because of my expertise and experience, my firm and I can litigate and resolve wage and hour cases efficiently and successfully. The case at bar benefited from my firm's expertise, reputation, and efficiency.

19. I am a 2005 graduate of the University of Pittsburgh School of Law. I am licensed to practice in Ohio and Pennsylvania, the Northern and Southern Districts of Ohio, the Sixth and Fourth Circuit Courts of Appeals, and several other federal district courts.

20. Since I started practicing law, I have focused my practice has largely focused on representing employees in employment litigation. Within that space, almost all my cases are wage and hour cases.

21. I have served as lead counsel in many wage and hour lawsuits. Although some cases are individual cases, most are class/collective actions. *Arledge v. Domino's Pizza, Inc.*, 3:16-cv-386 (S.D. Ohio); *Arnold v. Howard Wershbale & Co.*, 2:13-cv-1187 (S.D. Ohio); *Arp v. Hohla & Wyss Ent., LLC*, 3:18-cv-119 (S.D. Ohio); *Blose v. JARINC, LTD*, 1:18-cv-2184 (D. Col.); *Brandenburg v. Cousin Vinny's Pizza*, 3:16-cv-516 (S.D. Ohio); *Buckles v. EUBA Corp.*, 3:18-cv-355 (S.D. Ohio); *Casteel v. Antonio's Pizza, Inc.*, 1:18-cv-1277 (N.D. Ohio); *Cheeney v. Five Star Pizza Co., Inc.*, 1:18-cv-606 (W.D. Mich.); *Craig v. Bridges Bros. Trucking LLC*, 823 F.3d 382 (6th Cir. 2016); *Crumbaker v. Parking Solutions, Inc.*, 2:15-cv-244; (S.D. Ohio); *Dillow v. Home Care Network, Inc.*, 1:16-cv-612 (S.D. Ohio); *Edwards v. PJ Ops Idaho, LLC*, 1:17-cv-283 (D. Idaho); *Eisel v. Fortney Companies, Inc*, 2:11-cv-298 (S.D. Ohio); *Forney v. Wyoming Pizza, Inc.*, 18-C-87-F (D. Wyo.); *Graham v. Chumleys of Columbus, LLC*, 2:15-cv-136 (S.D. Ohio); *Haight v. Minchak*, 2016-Ohio-1043 (S.Ct. Ohio); *Hogan v. Cleveland Ave. Restaurant*, 2:15-cv-2883 (S.D. Ohio); *Kessler v. Joarder Properties Limited Liability Company*, 1:18-cv-11867 (D. N.J.); *Martin v. MSK Management, LLC*, 2:18-cv-11874 (D. N.J.); *Mullins v. Southern Ohio Pizza, Inc.*, 1:17-426 (S.D. Ohio); *Nazih v. Café Istanbul of Columbus, LLC*, 2:17-cv-947 (S.D. Ohio); *Pandey v. Rascal Unit, Ltd.*, 2:09-cv-550 (S.D. Ohio); *Rodino v. NRJM, Inc.*, 1:18-cv-5167 (N.D. Ill.); *Sigler v. The Inn at Cedar Falls.,*

*Inc.*, 2:11-cv-253 (S.D. Ohio); *Smith v. Captain George's of South Carolina*, 4:18-cv-2409 (D. S.C.); *Sullivan v. Lewisburg Pizza, LLC*, 3:18-cv-1455 (M.D. Penn.); *Thomas v. Papa John's International, Inc.*, 1:17-cv-411 (S.D. Ohio); *Wright v. Tiger Eye Pizza, LLC*, 4:18-cv-4127 (W.D. Ark.); *Young v. Rolling in the Dough, Inc.*, 1:17-cv-7825 (N.D. Ill.); *Huffman v. Team Carolinas, Inc.*, No. 4:19-cv-00034 (E.D.N.C.); *Branning v. Romeo's Pizza, Inc.*, No. 1:19-cv-2092 (N.D. Ohio); *Fox v. Team Goliath*, No. 5:19-cv-00195 (E.D. Ky.); *Chrismon v. Meadow Greens Pizza, LLC*, 5:19-cv-00155 (E.D.N.C.); *Knerr v. Boulder BJ, LLC*, No. 1:19-cv-00799 (D.Col.); *Kennedy v. Mountainside Pizza, Inc.*, 1:19-cv-01199 (D.Col.); *Shell v. Pie Kingz, LLC*, No. 1:19-cv-02043 (N.D. Ohio); *Winsor v. TBD Pizza, et al.*, No. 1:19-cv-00992 (D.N.H.); *Yanni v. Red Brick Mortgage*, 2:07-cv-1260 (S.D. Ohio); *Young v. Rolling in the Dough, Inc.*, 1:17-cv-7825 (N.D. Ill.);and *Zwerin v. 533 Short North, LLC*, 2:10-cv-488 (S.D. Ohio).

22.     Court have recognized that Biller & Kimble is well-versed in wage and hour cases and has successfully litigated a number of cases on behalf of restaurant workers, home health care workers, laborers, salespeople, and others. *See Gagliastre v. Capt. George's Seafood Rest.*, LP, No. 2:17cv379, 2019 U.S. Dist. LEXIS 90468, at *14 (E.D. Va. May 29, 2019); *see also Dillow v. Home Care Network, Inc.*, No. 1:16-cv-612, 2018 U.S. Dist. LEXIS 170579, at *18 (S.D. Ohio Oct. 3, 2018) (noting class counsel's "substantial experience in wage-and-hour litigation").

Executed on March 24, 2022.

/s/Andrew Biller
Andrew Biller
BILLER & KIMBLE, LLC